STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Larson, <u>et al.</u>      }
                                  }
                                  }    Docket No. 70-5-01 Vtec
                                  }
                                  }

<u>Decision and Order on Appellee-Applicant=s Motion for Summary Judgment</u>

Appellants appealed from a decision of the Zoning Board of Adjustment (ZBA) of the City of Rutland, affirming the Zoning Administrator=s grant of a permit to Appellee-Applicant Easter Seals of New Hampshire and Vermont (Easter Seals) to operate an Aindependent school@ at 11 Burnham Avenue. Appellants are represented by Karl C. Anderson, Esq.; Appellee-Applicant is represented by Kevin P. Candon, Esq.; the City is represented by Henry Brislin, Esq. Appellee-Applicant has moved for summary judgment on all questions[1] in the statement of questions.

The following facts are undisputed unless otherwise noted.

Easter Seals operates a group home for up to twelve adolescent girls, aged 11 to 19 years, with emotional and behavioral disabilities, at 195 Stratton Road. It was also certified as an independent school by the Department of Education for the 2000-2001 school year. Easter Seals holds a certification for an independent school for the 2001-2002 school year. The Stratton Road group home is located in a Residence A zoning district.

Easter Seals proposes to purchase the premises at 11 Burnham Avenue in which to operate a day school for the residents of the group home. Eleven Burnham Avenue is located in the Residence B zoning district. No residential use of the Burnham Road building is proposed.

Under ' 5707(2) of the Rutland Zoning Ordinance, schools are a permitted use in all zoning districts, including Residence A. Under ' 5707(4), public or semipublic institutions, including hospitals, sanitariums and other medical institutions, are also a permitted use in all zoning districts, including Residence A, A but not a correctional institution, place of detention or place where persons are lodged by order or direction of any court or governmental agency. @

All uses permitted in ' 5707 are permitted in Residence B districts, as well as additional uses permitted in ' 5708.

Appellee-Applicant argues that the proposed school at Burnham Avenue is a school and therefore is a permitted use. Appellants argue that the security measures in place at the Stratton Road group home may be imputed to the school, and that the proposed school at Burnham Avenue is therefore a > place where persons are lodged by order or direction of any court or governmental agency,= and is A more comparable to@ a place of detention than is an ordinary school or a foster home. Appellants also argue that discovery is not complete regarding the nature and extent of the security measures and incidents at the Stratton Road group home.

In arguing that material facts remain in dispute, Appellants focus on the order for placement at the Stratton Road group home by the Department of Social and Rehabilitation Services (SRS) or as a condition of release in a juvenile court proceeding, as well as on the security measures in place at the group home and to be installed at the Burnham Road property: time-release locks, unbreakable windows, and that the girls are prevented from running away or leaving the school

premises[2] during school hours. Appellants= focus on the conditions of residence and placement at the Stratton Road group home is misplaced. The question before the Court is whether the proposed use of the Burnham Road property, not the Stratton Road group home, falls within the use category of A school@ or whether the proposed school is a A semipublic@ institution falling within the use category of A correctional institution, place of detention or place where persons are lodged by order or direction of any court or governmental agency. @

The proposed day school use of the Burnham Road property cannot be characterized as a correctional institution or place of detention. Assuming that it can be considered a > semipublic= rather than an entirely private institution, we must determine whether it is a place where persons are lodged by order or direction of a court or governmental agency. The ordinance does not further define the term A lodged;@ we turn to state statutes and court decisions for guidance.

The term A lodged@ is only used in two Vermont statutes in this context (rather than to refer to the formal filing of a complaint or a document, or to refer to boarding house tenants): 20 V.S.A. ' 2061(g) (regarding fingerprints A of all offenders lodged at correctional facilities@ ) and 33 V.S.A. ' 708(d), (e) and (h) (regarding that a person incapacitated by alcohol A may be lodged in protective custody in a lockup or community correctional center@ ). In both of these statutes, the term A lodged@ is used solely to refer to placement in the custody of an official governmental locked facility, that is, some type of state, county or municipal lockup, prison, jail, or correctional facility.

It is also instructive to examine the use of the term in Supreme Court decisions. E.g., In re Hval, 148 Vt. 544 (1987) (court under 13 V.S.A. ' 4955 "ordered petitioner to be lodged[3]" at the Northwest State Correctional Facility); Lovejoy v. State, 148 Vt. 239 (1987) (defendant A was lodged overnight@ ); State v. Robinson 146 Vt. 486 (1986) (A defendant was arraigned and lodged for lack of bail@ ); Gibson v. Holmes, 78 Vt. 110 (1905) (A lodged him in jail@ ); Kenerson v. Bacon, 41 Vt. 573 (1869) (A lodging him in jail for purposes of custody@ ). The term does not focus on the length of time the person is in custody, or the degree of security imposed on the person. Rather, it also is used solely to refer to placement in the custody of a governmental agent (such as a sheriff or correctional officer) at a locked governmental facility, that is, some type of lockup, prison, jail, or correctional facility, as opposed to placing custody of the person in a hospital, mental institution, rehabilitation institution, school, group home or other private or > semipublic= facility.

The girls who will be using the Burnham Avenue school during daytime school hours will not be A lodged@ at the school[4] in this sense of being placed in governmental correctional custody. They may be in the custody of the group home by order or direction of SRS, but they are no more > lodged= there than a child placed in a foster home by court or SRS order is > lodged= in that home.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicant= s Motion for Summary Judgment is GRANTED. The proposed school at Burnham Avenue falls within the use category of > school@ and is not a correctional institution, place of detention or place where persons are lodged by order or direction of any court or governmental agency. It is therefore a permitted use under the Rutland Zoning Ordinance.

Done at Barre, Vermont, this 17th day of September, 2001.

_____
Merideth Wright
Environmental Judge

---

**Footnotes**

1. Neither party focused on Question 7 of the Statement of Questions: whether §5705(a), which allows lawful uses "not injurious, noxious, offensive or detrimental to a neighborhood," applies to this. However, the Court can find nothing in the Zoning Ordinance that requires the zoning administrator or ZBA to make any prior investigation into whether a proposed use will be 'injurious, noxious, offensive, or detrimental to a neighborhood,' prior to issuance of a zoning permit or approval.

2. We note that to the extent one must examine the level of voluntariness at the school, it must be in comparison with the level at other Vermont schools serving a high-school age population.

3. Compare the statutory language: the judge "shall commit the person to jail by a warrant."

4. They also do not appear to be "lodged" in this sense at the group home, although that issue is not strictly before this court in this case, and the group home has received its zoning permits as well as its required state certifications.