68 N.J. 209 (1975)
343 A.2d 737
IN THE MATTER OF THE APPLICATION FOR THE COMMITMENT OF THOMAS A. GERAGHTY TO THE NEW JERSEY NEURO-PSYCHIATRIC INSTITUTE.
The Supreme Court of New Jersey.
Argued May 12, 1975.
Decided July 22, 1975.
*210 Mr. William E. Ozzard, Somerset County Counsel, argued the cause for appellant Somerset County (Mr. Michael V. Camerino, on the brief).
Mr. Frank J. Stanley, III argued the cause for respondent Thomas A. Geraghty.
Mr. Michael S. Bokar, Deputy Attorney General, argued the cause for Intervenor State of New Jersey (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Bokar, on the brief).
*211 Ms. Laura M. LeWinn, Deputy Director, argued the cause for amicus curiae Division of Mental Health Advocacy, Department of the Public Advocate (Mr. Michael L. Perlin, Director, and Ms. LeWinn, of counsel and on the brief; Mr. Stanley C. Van Ness, Public Advocate, Department of the Public Advocate, attorney).
Mr. S. Michael Namias argued the cause for amicus curiae Somerset-Sussex Legal Services (Mr. Joseph Lipofsky, Director, Somerset-Sussex Legal Services, attorney).
PASHMAN, J.
Respondent Thomas Geraghty was temporarily involuntarily committed to the New Jersey Neuro-Psychiatric Institute pursuant to N.J.S.A. 30:4-38 on the application of his adult daughter and certification by two doctors that he was in immediate need of care. The director of the institution obtained, as a matter of course, an ex parte judicial order confirming the temporary commitment. While in the institution, Geraghty was notified of his right to appear at a final hearing on commitment but stated that he did not wish to contest the commitment. Shortly thereafter he was released. Without his knowledge, the Somerset County adjuster held a hearing and, as seems to have been his practice where the patient did not contest, found, without receiving any medical testimony, that Geraghty should be committed and obtained an ex parte court order to that effect. This was served upon Geraghty at his adult son's home by his daughter, and she had the local rescue squad return him to the hospital.
An attorney retained for Geraghty by his son obtained a temporary order restraining enforcement of the final commitment order, but before a hearing could be held to make permanent or dissolve the restraining order, Geraghty was again discharged. His counsel then moved in Somerset County Court to vacate the commitment order on the grounds that it had been improperly issued.
*212 The judge of the County Court, after hearing argument both by counsel for respondent Geraghty and the county adjuster and by representatives of the Somerset-Sussex Legal Services Corporation and the Office of the Public Advocate, whom he had invited to appear as amici curiae, vacated the commitment order and issued guidelines for the future conduct of involuntary civil commitment proceedings. The guidelines provided, among other things, for the issue of mental illness to be decided by the committing court rather than the county adjuster, for notice of the final hearing to be served on a broad class of potentially interested relatives of the respondent, for prompt appointment of counsel, and for close judicial supervision of waiver by the respondent of the right to a judicial hearing and of adjournments of such hearings.
The Somerset County adjuster appealed the decision of the County Court, and we granted certification while the matter was pending unheard in the Appellate Division. 67 N.J. 81 (1975).
Insofar as the respondent himself is concerned, the case is obviously moot. He has been discharged, is presently at liberty, and suffers no collateral consequences from the issuance of the original commitment order. Stizza v. Essex Cty. J. & D.R. Ct., 132 N.J.L. 406, 408 (E. & A. (1945); cf. State v. Krol, 68 N.J. 236, 245 (1975). Nevertheless, we have often recognized that courts may hear and decide cases which are technically moot where issues of great public importance are involved. Dunellen Bd. of Educ. v. Dunnellen Educ. Ass'n, 64 N.J. 17, 21 (1973); John F. Kennedy Memorial Hosp. v. Heston, 58 N.J. 576, 578 (1971); East Brunswick Tp. Bd. of Educ. v. East Brunswick Tp. Council, 48 N.J. 94, 109 (1966); State v. Perricone, 37 N.J. 463, 469 (1962), cert. denied 371 U.S. 890, 83 S.Ct. 189, 9 L.Ed.2d 124 (1962); see generally, Busik v. Levine, 63 N.J. 351, 363-64 (1973), appeal dismissed 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973). As it originally presented itself to us, the present case raised broad issues concerning the procedural *213 aspects of involuntary civil commitment which justified our considering it even though it was technically moot.
While the case was pending in this Court, however, the Supreme Court Committee on Civil Practice recommended for our consideration a set of proposed amendments to R. 4:74-7, the court rule governing involuntary civil commitments, and we have now promulgated a substantially revised version of that rule. During the course of its consideration of the revision of R. 4:74-7, the Court solicited and received the comments of the parties and amici in this case. We are satisfied that R. 4:74-7, as newly revised, adequately deals with the issues raised by the decision of the trial court. Hence the issues of public importance which originally impelled us to consider this case are no longer present. Therefore we conclude that the case should be deemed moot and the appeal dismissed.
For dismissal as moot  Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD  7.
Opposed  None.