365 A.2d 254 (1976)
In re M. A. C.
No. 137-76.
Supreme Court of Vermont.
October 5, 1976.
*255 M. Jerome Diamond, Atty. Gen., Peter M. Bluhm and Alan W. Cook, Asst. Attys. Gen., Montpelier, for plaintiff.
Eugene Rakow, Vermont Legal Aid, Inc., and Barry Griffith, Public Defender, Rutland, for defendant.
Before BARNEY, C. J., and SMITH, DALEY, LARROW and BILLINGS, JJ.
PER CURIAM.
M. A. C., by order of the District Court of Vermont, Unit No. 1, Rutland Circuit, was involuntarily committed to the care and custody of the Department of Mental Health. 18 V.S.A. § 7601, et seq. On June 22, 1976, M. A. C. was released from the Vermont State Hospital on a conditional discharge, and on August 22, 1976, she received a final discharge. She now appeals the original order of commitment, claiming that 18 V.S.A. § 7606 is unconstitutionally vague and violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and further, that the original hearing in the trial court was not timely. 18 V.S.A. § 7605.
In view of the final discharge of M. A. C., any order made here would have no effect on her rights, and the cause is now moot. An appellant's stake in litigation must continue throughout its entirety. This Court will not indulge in advisory opinions. In re Constitutionality of House Bill 88, 115 Vt. 524, 64 A.2d 169 (1949); Sosna v. Iowa, 419 U.S. 393, 402, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).
It is urged upon us in argument that there are exceptions to the doctrine of mootness in other jurisdictions: first, that the appellant will suffer from collateral consequences, In re Ballay, 157 U.S.App. D.C. 59, 482 F.2d 648 (1973); second, that this matter is capable of repetition, yet evading decision, Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); third, that this is an issue of great public importance, Matter of Geraghty, 68 N.J. 209, 343 A.2d 737 (1975).
On the record here, none of the exceptions as urged are met or apply. As a matter of fact, the great public importance exception has not been adopted in this jurisdiction.
In view of our disposition of this matter, we do not reach the other claims of error.
Appeal dismissed.