## In re Petition of Green Mountain Power Corporation

[532 A.2d 582]

No. 86-450

Present: **Allen, C.J., Peck and Gibson, JJ., and Barney, C.J. (Ret.), and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed August 14, 1987

*Paul D. Sheehey* and *Michael G. Furlong* of *Sheehey, Brue & Gray*, Burlington, for Plaintiff-Appellee.

*Michael Marks*, Director for Public Advocacy, and *Dinah Yessne* and *Sandra Eschenbrenner*, Special Counsel, Montpelier, for Defendant-Appellant.

**Gibson, J.** The Department of Public Service appeals a ruling of the Public Service Board that the Board lacks jurisdiction to rule on certain types of transactions denominated as lease-back transactions and described below. The Department asks this Court to vacate the Board's order as moot or, alternatively, to find that the Board does possess the authority to review such

lease-back transactions. Because we find the Board's order to be moot, we do not reach the jurisdictional issue.

Green Mountain Power Corporation (GMP), appellee, entered into a complex set of interrelated transactions involving the lease of certain lands and sale of certain buildings by GMP's wholly-owned subsidiary, GMP Real Estate Corporation (GMPREC), to a third party, and the lease-back of the same properties to GMP itself. GMPREC is not a public utility and is not itself subject to the Board's jurisdiction. GMP originally brought the case before the Public Service Board seeking a declaratory ruling that its lease-back of the properties does not require Board approval under 30 V.S.A. § 108 or any other statute. In the event the Board ruled otherwise, GMP also asked for the Board's consent to the transaction.

Because of time constraints under which the parties to the transaction were working, the question of approval was taken up first. By orders of May 25 and June 12, 1984, the Board gave its consent to the transaction. The Board withheld decision on the jurisdictional issue, however, pending further hearing.

On July 24, 1986, the Board ruled that it did not have jurisdiction to approve the lease-back transaction. The Board found further that the issue was not moot in that the question was an exception to the mootness doctrine because it was "capable of repetition, yet evading review." See *Roe* v. *Wade*, 410 U.S. 113, 125 (1973).

The Department of Public Service appeals, arguing that the Board's decision on jurisdiction (July 24, 1986) should be vacated as moot or, in the alternative, that the Board does in fact have jurisdiction over this type of lease-back transaction. GMP contends that the Board's order of July 24, 1986 was correct.

Inasmuch as the transaction that is the subject of the controversy has been consummated, the Department of Public Service asks us to render what amounts to an advisory opinion on the extent of the Board's jurisdiction. There is no live controversy in the case at hand.

> The judicial power, as conferred by the Constitution of this State upon this Court, is the same as that given to the Federal Supreme Court by the United States Constitution; that is, "the right to determine actual controversies arising

between adverse litigants, duly instituted in courts of proper jurisdiction," *Muskrat* v. *United States*, 219 US 346.

*In re Constitutionality of House Bill 88*, 115 Vt. 524, 529, 64 A.2d 169, 172 (1949); see also *In re M. A. C.*, 134 Vt. 522, 523, 365 A.2d 254, 255 (1976) ("This Court will not indulge in advisory opinions.").

■ The parties disagree as to whether this case falls within a narrow exception to the mootness doctrine as a case "capable of repetition, yet evading review." *Roe* v. *Wade*, 410 U.S. at 125. This Court has adopted a two-pronged rule to determine whether a case constitutes an exception to the general rule on mootness:

> 1. The challenged action must be too short in duration to be fully litigated prior to its cessation or expiration; and

> 2. There must be a reasonable expectation that the same complaining party will be subject to the same action again.

*In re S. H.*, 141 Vt. 278, 281, 448 A.2d 148, 149 (1982) (citing *Murphy* v. *Hunt*, 455 U.S. 478, 482 (1982)).

Although the Department contends that the need for urgent action by the Board could have been avoided by a timely filing of its petition by GMP, the main area of dispute between the two parties concerns the second prong of the test. GMP argues that the sale/lease-back type of transaction is becoming increasingly common in today's financial world and that before any party will enter into this type of transaction with the utility, the other party will first demand that GMP obtain a ruling from the Public Service Board on the Board's jurisdiction over such transactions. GMP argues that the anticipated time delay would greatly prejudice the utility's ability to enter into beneficial and attractive arrangements, because would-be purchasers/lessors would not wait for GMP to obtain a ruling from the Public Service Board and would take their business elsewhere.

■ A "reasonable expectation" that GMP would be "subject to the same action again" requires more than just a theoretical possibility of the same event happening in the future. *Id.* at 281, 448 A.2d at 149-50. In fact, a party seeking to invoke the mootness exception must show a "demonstrated probability" that it would become embroiled again in the same controversy. *Id.* (quoting *Murphy* v. *Hunt*, 455 U.S. at 482). In this case, GMP has

presented no evidence that it is currently contemplating any projects that would require Public Service Board approval under comparable circumstances. GMP has merely advanced the hypothetical possibility that it will, in the future, need a timely Public Service Board decision on the Board's jurisdiction to approve a sale/lease-back transaction. This is not sufficient to meet the "reasonable expectation" standard that this Court has adopted. *Id.* If it were, then every matter of short duration would be an exception to the mootness requirement. *Id.*

Further, the record does not establish that the nature of sale/lease-back transactions is such as to necessarily preclude timely Public Service Board review. GMP has failed to show that there will not be enough time to fully litigate the jurisdictional issue prior to any future transaction it may wish to enter into.

*The Public Service Board's order of July 24, 1986, is vacated as moot.*