571 A.2d 75 (1990)
In re A.K.
No. 88-441.
Supreme Court of Vermont.
January 12, 1990.
*76 Jeffrey L. Amestoy, Atty. Gen., Montpelier, and Michael O. Duane, Asst. Atty. Gen., and Barbara L. Crippen, Sp. Asst. Atty. Gen., Waterbury, for plaintiff-appellee.
Walter M. Morris, Jr., Defender Gen., Kenneth A. Schatz, Deputy Defender Gen., and Henry Hinton, Appellate Defender, Montpelier, for defendants-appellants.
Martin & Paolini, Barre, for juvenile.
Before ALLEN, C.J., PECK and DOOLEY, JJ., and CONNARN, District Judge (Ret.) and SPRINGER, District Judge (Ret.), Specially Assigned.
ALLEN, Chief Justice.
The parents of A.K. appeal the district court's denial of their motion for a protective order made pursuant to 33 V.S.A. §§ 634(a) and 661. We affirm.
In 1984, the court determined A.K. to be a neglected child in need of care and supervision and transferred his custody to the Commissioner of Social and Rehabilitation Services (SRS). The parents retained their residual parental rights and responsibilities. SRS retained custody since that time and in 1988 sought to place A.K. at the Silver Springs Martin Luther School (Silver Springs) in Plymouth Meeting, Pennsylvania. The parents moved for a protective order and requested that the court prevent A.K.'s placement at this out-of-state institution pending a hearing regarding the proposed placement. The parents argued that SRS had never visited Silver Springs to determine whether placement there was in the best interests of A.K., that SRS had never placed a child in its custody in Silver Springs, that SRS had not explored alternative placements for A.K., that the great distance between Silver Springs and Vermont would hamper attempts toward reunification and that the placement was not in A.K.'s best interest. The district court denied the motion on the grounds that it had no authority to interfere with SRS's lawful placement of a child in its custody.
On appeal, the parents argue: (1) that 33 V.S.A. § 3206 entitled them to a court hearing prior to the out-of-state placement; (2) that the proposed out-of-state placement constituted a change of circumstances requiring juvenile review upon request; and (3) the failure to provide a hearing prior to the out-of-state placement violates the due process clause of the Vermont and United States Constitutions.
The parents concede that with few exceptions SRS, acting as legal guardian and custodian, can place a child without prior resort to court. They argue that the supplementary provisions of the Interstate Compact on the Placement of Children, 33 V.S.A. §§ 3151 et seq., specifically § 3206,[*] *77 creates an exception to this rule and entitles the parents, upon request, to a hearing prior to the out-of-state placement of a child. SRS contends § 3206 entitles only the child to such a hearing.
The statute is clear and unambiguous on its face; "any such child being placed in another state pursuant to this compact shall, upon request, be given a court hearing." Section 3206 makes no mention of the parents as beneficiaries of a similar right to a hearing, though they have the right to be heard in the event the child requests a hearing. Given the clarity of the statute, we will enforce it according to its express terms without resort to statutory construction. In re Burlington Housing Authority, 143 Vt. 80, 83, 463 A.2d 215, 217 (1983). The parents are not entitled to a hearing regarding the propriety of the out-of-state placement of their child under 33 V.S.A. § 3206.
The parents characterize the result of allowing only the child to request a hearing on the issue of an out-of-state transfer as "absurd," noting that the statute provides for a child's right to a hearing "unless parental rights have been judicially terminated." Placing the responsibility to demand a hearing exclusively on the child and the child's guardian, however debatable as a matter of legislative policy, does not so lack rationality as to raise questions with respect to the section's meaning or its constitutionality. Sinhogar v. Parry, 53 N.Y.2d 424, 433-34, 425 N.E.2d 826, 830, 442 N.Y.S.2d 438, 442 (1981) (New York review procedures for placement of foster children in out-of-state residential facilities not constitutionally defective because alternate proposals might offer more comprehensive review mechanisms); Eason v. Welfare Commissioner, 171 Conn. 630, 638-39, 370 A.2d 1082, 1086-87 (1976) (failure of juvenile statute to include foster parents among those entitled to initiate proceedings to revoke commitment did not violate Fourteenth Amendment), cert. denied, 432 U.S. 907, 97 S.Ct. 2953, 53 L.Ed.2d 1079 (1977).
We agree with the parents that, on its face, the statute either provides for no right of the child to require a hearing where parental rights have been terminated, or is unclear as to whether the child retains such rights after termination. However, the legal consequences of this imprecise draftsmanship are not now before this Court. Whether or not the child retains such a right after the parents' termination, the statute clearly does not intend to confer such right on the parents either before or after termination.
The parents next argue that the proposed out-of-state placement constitutes a changed circumstance sufficient to compel the juvenile court to conduct a hearing on the modification of the disposition order. 33 V.S.A. § 659(a). We do not reach the issue, for the record indicates that the juvenile court has held a full dispositional review pursuant to 33 V.S.A. § 658 since the denial of the protective order motion. The juvenile court heard the concerns of A.K. and the parents regarding visitation, reunification, and the best interests of the child and approved the placement of A.K. at Silver Springs. The results of this hearing were subject to review by this Court. No live controversy exists about whether § 659(a) requires the juvenile court to conduct a modification hearing. The issue is moot, and we decline to render what would amount to an advisory opinion. In re Green Mountain Power Corp., 148 Vt. 333, 334, 532 A.2d 582, 583-84 (1987).
The parents argue for the first time on appeal that the out-of-state placement of A.K. denies them due process of law. Even when a party asserts a violation of constitutional rights, failure to promptly raise the issue before the trial court can *78 result in a waiver on appeal. In re Mullestein, 148 Vt. 170, 175, 531 A.2d 890, 893 (1987). The parents have waived their constitutional claims, and we will not consider them on appeal.
Affirmed.
NOTES
[*] § 3206. Placement of neglected or unmanageable children

The officers and agencies of this state having authority to place neglected or unmanageable children may place such a child in another state. However, unless parental rights have been judicially terminated any such child being placed in another state pursuant to this compact shall, upon request, be given a court hearing on notice to the parent or guardian with opportunity to be heard prior to his being sent to such other state for care and the court finds that:
(1) Equivalent facilities for the child are not available in this state.
(2) Care in the other state is in the best interest of the child and will not produce undue hardship.