**Kevin Neil O'BRIEN v. Andrew BROWN, Parole Officer, William White, Executive Secretary and Pamela Rampone, Chair, Vermont State Parole Board**

[573 A.2d 295]

No. 87-528

February 7, 1990. Appellant challenges the trial court's dismissal of his habeas corpus petition. We affirm.

Appellant's petition is moot. Generally, when no live controversy exists,

or when the parties no longer have a legally cognizable interest in the outcome, a case is moot. *In re A.K.*, 153 Vt. 462, 465, 571 A.2d 75, 77 (1990); *In re S.H.*, 141 Vt. 278, 280, 448 A.2d 148, 149 (1982). Appellant's conviction of the underlying offense extinguished his legal interest in the habeas corpus petition. The case does not fall within the "capable of repetition" or "collateral consequences" exceptions to the mootness doctrine. *In re Green Mountain Power Corp.*, 148 Vt. 333, 335, 532 A.2d 582, 583–84 (1987).

We agree that the decision in *State v. Begins*, 147 Vt. 295, 514 A.2d 719 (1986), should apply to parole revocation hearings. We hold that it does, but affirm the trial court's dismissal of appellant's petition as moot.

*Affirmed.*