613 A.2d 713 (1992)
In re M.M. & F.M., Juveniles, and
In re F.M. & M.M., Juveniles.
Nos. 90-411, 91-157.
Supreme Court of Vermont.
July 17, 1992.
*714 Jeffrey L. Amestoy, Atty. Gen., Montpelier, and Barbara L. Crippen and Michael O. Duane, Asst. Attys. Gen., Waterbury, for plaintiff-appellant.
E.M. Allen, Defender Gen., and Anna Saxman, Appellate Atty., Montpelier, for defendants-appellees juveniles.
Charles S. Martin, Martin & Paolini, Barre, for defendant-appellee mother.
Before ALLEN, C.J., GIBSON, DOOLEY and JOHNSON, JJ., and PECK, J. (Ret.), Specially Assigned.
GIBSON, Justice.
The Department of Social and Rehabilitation Services (SRS) appeals three family court decisions. On August 1, 1990, the court denied SRS's petition to terminate the residual parental rights of A.M., the mother of M.M. and F.M. On October 22, 1990, the court denied SRS's motion for a new trial or to modify the decision of August 1. On March 27, 1991, the court granted A.M.'s motion to seal a report from the children's guardian ad litem and did not allow SRS to present evidence in support of a subsequent termination motion. We affirm the decisions of August and October 1990. The decision of March 1991 is collateral to a proceeding not before the Court, and we do not consider it.
A.M. suffers from a chronic mental illness characterized by mania and depression. She was hospitalized six times between 1983 and 1989 for as long as six and ten months. The illness can be treated, but A.M. has often refused medication, causing her condition to deteriorate. A.M. has visited F.M. and M.M. at irregular intervals determined primarily by her condition. She loves her children, but has rarely, if ever, been able to care for them without help.
A.M.'s daughter, M.M., was born in 1985. Her son, F.M., was born in 1983. M.M. and F.M. have lived continuously with separate foster parents, respectively, since 1985 and 1988, when their father died. The foster parents would like to adopt the children, both of whom have required therapy for developmental delays and behavioral problems.
In February 1989, SRS petitioned the family court to allow termination of A.M.'s residual parental rights. The court heard five days of testimony on the merits of the petition and a motion by A.M. to compel visitation. In its order, the court acknowledged the "overwhelming" opinion of the expert witnesses that termination of A.M.'s parental rights was in the best interests of the children, but also noted "substantial" *715 evidence that termination was not "the only answer embodying the children's best interests." The court concluded that SRS had not met its burden of proof and that A.M. must be given "some chance" to resume her parental duties. The court ordered that each child be placed in long-term foster care with appropriate visitation with A.M. as determined by A.M.'s, F.M.'s, and M.M.'s therapists.
In related arguments, SRS first challenges the legal basis of the court's decision to place the children in long-term foster care. A.M. and counsel for the children contend that SRS did not raise these arguments at trial or in its motion for a new trial or modified order and therefore waived the arguments. See In re A.K., 153 Vt. 462, 465, 571 A.2d 75, 78 (1990) (failure to raise even a constitutional issue can result in waiver). We are reluctant to address questions not raised before the family court and decline to do so in the present case because they are of little practical significance.
SRS argues that the family court was not authorized to order that the children be placed in long-term foster care and, even if authorized, it did so without sufficient findings and under the wrong standard. We are persuaded, however, that SRS views the court's order improperly. Once the court concluded that SRS had not proven by clear and convincing evidence that termination of A.M.'s parental rights was in the best interests of the children, In re S.R., 157 Vt. ___, ___, 599 A.2d 364, 366 (1991); 33 V.S.A. § 5540, the court simply solidified the status quo, continuing foster care and allowing A.M. appropriate visitation. Any error was harmless: if the court had simply denied SRS's motion, or if the motion had never been made, there would have been no difference in the children's circumstances, absent a decision by SRS to change their placement. Nor do the words "long-term" prejudice SRS's continuing efforts to terminate A.M.'s parental rights. Nearly two years have passed. If, when the question is revisited, A.M. has not shown substantial improvement, SRS will again be able to urge the family court to terminate A.M.'s parental rights.
Next, SRS argues that the family court abused its discretion in denying its motion for a new trial or modified order. In its motion, supported by affidavits, SRS alleged that M.M.'s condition had regressed following a visit with A.M. and that F.M.'s condition had regressed after his therapist attempted to discuss with him the possibility of visiting A.M. SRS also produced a letter from A.M. that suggested her mental state had taken a turn for the worse. Except for the letter, the motion was based on evidence that arose before the court issued its decision. The court questioned SRS's failure to bring the evidence to its attention sooner, and denied the motion because it did not demonstrate a substantial change from the situation at the time of the hearing.
Whether to grant a new trial to hear newly discovered evidence is a question for the trial court's discretion that turns on several factors, including the probability that the evidence will change the outcome and whether it is cumulative. State v. Smith, 145 Vt. 121, 131, 485 A.2d 124, 130-31 (1984). In the present case, it is plain from the court's ruling that the evidence would not have changed the order. Further, we will not disturb the court's conclusion that the evidence was cumulative. It showed a recent deterioration in the prospects for successful interaction between A.M. and her children, but was not substantially different from the evidence SRS produced at trial. There was no abuse of discretion, and the court properly denied the motion.
Finally, SRS urges us to reverse the family court's decision because the court's uncontested findings allow no conclusion other than to terminate A.M.'s parental rights. SRS argues that the court applied an incorrect legal standard to the facts and that application of the correct standard would require termination. We disagree.
The court enunciated the proper test at the outset of its decision. In order to grant termination at a modification proceeding, *716 the family court must find by clear and convincing evidence that a substantial change in material circumstances has occurred and that termination will serve the best interests of the children under the factors set forth in 33 V.S.A. § 5540. In re S.R., 157 Vt. at ___, 599 A.2d at 366. Stagnation of an unacceptable situation is sufficient to constitute a material change in circumstances. In re C.L., 151 Vt. 480, 483, 563 A.2d 241, 244 (1989). The most important factor in determining a child's best interests is whether the parent will be able to resume her parental duties within a reasonable time. In re J.R., 153 Vt. 85, 100, 570 A.2d 154, 161 (1989).
Later in its decision, the court quoted from a family court decision rejecting SRS's first attempt to terminate A.M.'s parental rights. That decision in turn quoted a concurring decision of this Court in 1976 holding that parental rights may be terminated only in a "hopeless" situation. See In re J. & J.W., 134 Vt. 480, 485-86, 365 A.2d 521, 524 (1976). We cannot conclude that the family court relied on an improper standard. By quoting the earlier decision involving A.M., it was simply putting its own decision in context.
Further, application of the proper test to the court's findings does not require termination. The experts were in favor of termination, but A.M. presented coherent testimony in favor of allowing her more time to improve her parenting skills. We will not substitute our judgment for that of the family court, In re M.C.P., 153 Vt. 275, 296, 571 A.2d 627, 638 (1989), and we will not reverse its conclusion, based on uncontested findings, that SRS had not established by clear and convincing evidence that termination of parental rights was appropriate.
Affirmed.