**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

|  |  |  |
|---|---|---|
| **Town of Hartford,** | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Docket No. 72-3-00 Vtec** |
| | } | |
| **Marc and Susan Wood,** | } | |
| **Defendants.** | } | |

+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

| | | |
|---|---|---|
| **In re: Appeal of Marc and Susan Wood** | } | **Docket No. 121-7-03 Vtec** |

+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

| | | |
|---|---|---|
| **In re: Appeal of Wood** | } | **Docket No. 185-10-04 Vtec** |

+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

| | | |
|---|---|---|
| **In re: Appeal of Wood** | } | **Docket No. 81-4-07 Vtec** |

+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

| | | |
|---|---|---|
| **In re: Wood Certificate of Occupancy** | } | **Docket No. 176-8-07 Vtec** |

## Decision on Pending Motions

All five of the above-captioned Dockets relate to Mr. Marc Wood's plans to renovate and develop a diner, private club, and retail shop at his property on Maple Street, also known as Vermont Route 14, in the Town of Hartford.[1] Mr. Wood, Defendant in Docket No. 72-3-00 Vtec and Appellant in all remaining above-captioned Dockets, has moved for the Court to reconsider a number of its recent decisions, stay whatever time may be remaining on his zoning permit, take new evidence in a closed case, and hold the Town in contempt. The Town opposes Mr. Wood's motions in all Dockets, requests that Mr. Wood be held in contempt, and requested preliminary and

---

[1] Curiously, though the property at issue in these cases has been the subject of litigation for many years, the correct street address has yet to be established, even after this Court requested clarification. Because of the confusion, reference to the property will be made using generic descriptive terms rather than its address.

permanent injunctive relief.  Mr. Wood appears pro se and has represented himself in all proceedings to this point.  The Town of Hartford ("Town") is represented by William F. Ellis, Esq.

## Background

There have been many motions and cross-motions filed in the above-captioned Dockets.  The following facts regarding the motions' context are undisputed unless otherwise noted.

1.      On September 21, 2007, we heard testimony and took evidence regarding the Town's motion for contempt and its associated motion for preliminary and permanent injunctive relief in Docket No. 185-10-04 Vtec.  As Mr. Wood has noted in his clarification motion, Mr. Wood had some difficulties at that hearing which he later attributed to an illness.[2]

2.      The Court was of the opinion that Mr. Wood should have a full and fair opportunity to present his arguments and evidence in response to the Town's motion for contempt and gave Mr. Wood the opportunity after the hearing to present his arguments and objections to the Court in writing.  Mr. Wood had until October 22, 2007 to file his objections, and the Town was given until November 5 to file its response.  An Entry Order to this effect was issued on September 28, 2007.

3.      On October 10, 2007, Mr. Wood filed a motion in Docket Nos. 185-10-04 Vtec and 176-8-07 Vtec to withdraw his pro se appearance and to continue the proceedings 60 days so that he could find an attorney to enter an appearance.  The Town opposed these motions.

4.      Also on October 10, Mr. Wood filed a motion to modify the September 28 Entry Order that directed Mr. Wood to file his objections in Docket No. 185-10-04 Vtec by October 22.

5.      Mr. Wood also on October 10 filed a motion for contempt and request for relief in Docket No. 121-7-03.  Mr. Wood argued in this motion that the Town had disobeyed an order from the Court to consider amendments to Mr. Wood's zoning application at a public hearing.

---

[2]  The Court does not recall Mr. Wood disclosing at the time of the hearing that he was ill.

6. On October 10, the Court sent notice to the parties that a motions hearing would be held via telephone on October 22 in Docket No. 176-8-07 Vtec. Notice was sent to the parties again on October 18 that motions in Docket Nos. 185-10-04 Vtec and 81-4-07 Vtec would also be discussed at the October 22 telephonic motions hearing.

7. On October 19, Mr. Wood filed a motion to stay proceedings in Docket No. 176-8-07 Vtec until the motions for contempt and for preliminary and permanent injunction were resolved in Docket No. 185-10-04 Vtec.

8. On October 19, Mr. Wood filed a motion requesting that the Court take new evidence and reconsider a ruling it made May 19, 2001 in Docket No. 72-3-00 Vtec, a closed case. On October 22, Mr. Wood filed a motion requesting that the Court take new evidence and reconsider a ruling it made on September 21, 2001, also in Docket No. 72-3-00 Vtec. Mr. Wood also explained that this second motion in Docket No. 72-3-00 Vtec was meant to replace the motion made on October 19, as the first motion incorrectly identified the decision Mr. Wood sought to change.

9. A motions hearing was held on October 22 via conference call in Docket Nos. 185-10-04 Vtec, 81-4-07 Vtec, and 176-8-07 Vtec, as was noticed to the parties. Mr. Wood, William Ellis, Esq., and Judge Thomas Durkin participated. At the outset, Judge Durkin noted several motions had been filed, including motions in two additional Docket Nos. 72-3-00 Vtec and 121-7-03 Vtec.

10. The Court did not rule on Mr. Wood's motions in Docket Nos. 72-3-00 Vtec or 121-7-03 Vtec. The Court noted that it was not aware of any legal authority that would allow the Court to re-open closed cases or to otherwise examine the issues Mr. Wood had raised. The Court directed Mr. Wood to file memoranda explaining the Court's authority to examine the issues raised by his motions in those Dockets by November 21, 2007. The Town would then have until December 21, 2007 to file its response. Thereafter, the Court would take the matter under advisement. Mr. Wood acknowledged orally during the teleconference that he understood the Court's request.

11. In Docket No. 185-10-04 Vtec, Mr. Wood's motion to modify the September 28 Entry Order was granted, and Mr. Wood was allowed time (i.e., until December 17, 2007) to respond to the Town's reply. An entry order to this effect was issued on October 31, 2007.

12.     The Court also considered Mr. Wood's motion to withdraw his pro se appearance and continue the proceedings in Docket Nos. 185-10-04 Vtec and 176-8-07 Vtec for 60 days. The Town objected to Mr. Wood's motion, arguing that Mr. Wood did not meet the substantive, legal requirements for withdrawal and that a continuance would harm the Town's "right to have [its] case heard and decided in a reasonable fashion." Leiter v. Pfundston, 150 Vt. 593, 596 (1988).

13.     Mr. Wood explained that he had already spoken with several attorneys and that he was actively seeking representation. Concerned both with the possibility of further prolonged delays, and also with Mr. Wood's ability to secure adequate representation, the Court granted Mr. Wood's motion to continue, with conditions.

14.     The Court directed that first, if Mr. Wood were to secure an attorney, that attorney was to enter an appearance by November 16, 2007. An entry order to this effect was issued on October 31, 2007 in Docket Nos. 185-10-07 Vtec and 176-8-07 Vtec. Second, regardless of whether Mr. Wood could secure an attorney, Mr. Wood or his attorney was to file legal memoranda by December 17, 2007 in Docket Nos. 185-10-04 Vtec and 176-8-07 Vtec. An entry order to this effect was issued on October 31, 2007 in Docket Nos. 185-10-04 Vtec, 81-4-07 Vtec, and 176-8-07 Vtec.

15.     The Court also denied Mr. Wood's motion to stay resolution of the Town's contempt motion in Docket No. 185-10-04 Vtec until Mr. Wood's appeal in Docket No. 176-8-07 Vtec was concluded. Mr. Wood filed a motion to reconsider that specific ruling on December 11, 2007. The Town filed its reply on December 26, 2007. Mr. Wood's reconsideration request remains pending and is addressed below.

16.     The Court also decided that the most appropriate manner in which to decide all remaining pending motions was to address the motions filed in the earliest docketed cases first and then proceed to the latest, beginning with Docket No. 72-3-00 Vtec and finishing with Docket No. 176-8-07 Vtec. The Court also decided to delay the initial conference in Docket No. 176-8-07 Vtec until the cross-motions for contempt were resolved. The parties offered their oral agreement at the October 22 telephonic motions hearing. This is the general approach that the Court takes in this Decision.

17.     The Court also addressed Mr. Wood's concern that his inability to enter the Hartford property was causing damage to the tools he had left there. Mr. Wood was also

concerned that structures on his property would be damaged if he was not allowed to prepare the property for the coming winter. The Town expressed its concern that Mr. Wood would conduct work on the property during the pendency of these appeals for which he currently held no municipal permit.

18. The Court arrived at a procedure to resolve winter preparation issues as they arose. In order to address both parties' concerns, the Court ordered that if Mr. Wood wished to prepare his property for the winter, he must file with the Court an explanation of his plans, with photographs, and provide copies to the Town's counsel. The Town would then have ten business days to file a response, to which Mr. Wood would have time to reply. The Court would then take the matter under advisement and issue an order.

19. At the October 22 motions hearing, the Town requested that if Mr. Wood wished to contact the Town in regards to Mr. Wood's cases before this Court, Mr. Wood should communicate solely through the Town's attorney. The Court granted this request.

20. Lastly, the Court explained that for the purpose of clarity, all the decisions made during the motions hearing would be reduced to the form of entry orders, but invited the parties to inform the Court, should they believe that a ruling was omitted from the entry orders issued after the hearing. Revised and complete entry orders were thereafter issued; no party has advised that the Court omitted from such entry orders decisions announced during the October 22 telephonic motions hearing.

21. To date, the Court has received some materials from Mr. Wood in Docket No. 185-10-04 Vtec. However, Mr. Wood has not filed legal memoranda in Docket Nos. 72-3-00 Vtec, 121-7-03 Vtec, 81-4-07 Vtec, or 176-8-07 Vtec. No attorney has entered an appearance on Mr. Wood's behalf.

## Discussion

A number of motions are now ripe for our consideration in all five above-captioned Dockets. Many of these motions have been filed by Mr. Wood. In some, he has expressed confusion and even frustration regarding this Court's past decisions. We are sympathetic to Mr. Wood's predicament. But we also recognize that Mr. Wood is a veteran of many Court appeals from the Hartford Zoning Board of Adjustment and from this Court to our Supreme Court, all over a period of time beginning as much as ten years ago. He has much experience with the process involved in these appeals, yet a number of

the issues he has most recently presented raise basic process questions; some of Mr. Wood's current motions appear to represent a lack of understanding of the basic concept of finality of court decisions.

As discussed below, the Court has given Mr. Wood every opportunity to present his arguments, and will continue to do so. But the Court is also mindful of its important obligation to render decisions and to otherwise see that Court proceedings reach some conclusion. With those continuing obligations in mind, we turn our attention to all the remaining pending motions in all Dockets, which we understand to be the following:

1. Mr. Wood's motion to reconsider our September 28, 2007 Entry Order in Docket No. 185-10-04 Vtec;

2. Mr. Wood's motion to reconsider and clarify our October 22, 2007 Decisions as they relate to all five above-captioned Dockets;

3. Mr. Wood's motion to take new evidence and reconsider our September 21, 2001 Decision in Docket No. 72-3-00 Vtec;

4. Mr. Wood's motion to reconsider our August 27, 2007 Entry Order in Docket No. 81-4-07 Vtec;

5. Mr. Wood's motions to stay the time remaining on his Permit #99-1180 in Docket Nos. 81-4-07 Vtec and 176-8-07 Vtec;

6. Mr. Wood's motion for contempt and other relief in Docket No. 121-7-03 Vtec; and

7. The Town's motion for contempt and injunctive relief in Docket No. 185-10-04 Vtec;

## 1.  Motion to Reconsider September 28 Entry Order in Docket No. 185-10-04 Vtec

Mr. Wood has requested that we modify our September 28, 2007 entry order regarding the time Mr. Wood has to respond to the Town's objections to Mr. Wood's weatherproofing requests. Mr. Wood asserted in his December 11, 2007 motion that we included no language allowing him to respond to the Town. This is incorrect. In our October 31, 2007 entry order on this topic, we directed "[a]fter any submission made by the Town, Mr. Wood may have ten (10) business days to respond." Thus, we have already addressed Mr. Wood's request. Because there is no live controversy on this issue between the parties, we **DISMISS** this motion as moot. O'Brien v. Brown, 153 Vt. 652, 652-53 (1990).

## 2. Motion to Reconsider and Clarify October 22 Rulings in all Dockets

Mr. Wood has asked us to reconsider and clarify the rulings made during the October 22, 2007 motions hearing as they apply to all five above-captioned Dockets. In his motion for reconsideration, filed with the Court on December 14, 2007, Mr. Wood explains that he phoned the Environmental Court on December 11, 2007 to determine whether the Town had filed an answer his motion for contempt and request for relief in Docket No. 121-7-03 Vtec.

Mr. Wood claims he was surprised to learn that he had missed some filing deadlines. See Wood Mot. to Clarify, Reconsider at ¶ 11 ("The appellant feels that [the Court's rulings were] unfair, unreasonable, and despicable…."). He likely refers to one of the following deadlines: the November 16 deadline for an attorney to enter an appearance; the November 21 deadline for filing an explanation of the legal authority for this Court to re-open Docket No. 72-3-00 Vtec and take new evidence; the November 21 deadline for filing an explanation of the legal authority for the Court to consider Mr. Wood's contempt motion in Docket No. 121-7-03 Vtec, and possibly the then-approaching deadline to file defense materials in connection with the Town's motion for contempt and injunctive relief in Docket No. 185-10-04 Vtec. Mr. Wood now claims that he was unable to hear Judge Durkin during the October 22 motions teleconference, and he also asserts that the entry orders issued on October 31 were unclear, making it difficult for him to discern what the Court ordered on October 22. Lastly, Mr. Woods asserts that he is, in his words, "a fish out of the water and not in his realm of expertise when it comes to legal matters."

Regarding the part of Mr. Wood's motion requesting a clarification of our October 22 rulings, we pause in our analysis here to explain our role when a pro se litigant appears before the Court. We appreciate the difficulties a non-lawyer encounters when he decides to represent himself. It is sometimes difficult even for experienced lawyers to satisfy all the obligations litigation imposes. However, the Court must remain a neutral and independent tribunal, and it does not have the responsibility, nor the right, to offer Mr. Wood "affirmative help" during the course of litigation. Nevitt v. Nevitt, 155 Vt. 391, 401 (1990). Therefore, to the extent that Mr. Wood's motion asks the Court for legal advice, we must decline. His motion is therefore **DENIED** in this context. To

the extent that Mr. Wood asks for an explanation or restatement of the rulings made on October 22, we refer him to the Background section of this Decision and our previous entry orders. To the extent that we have restated the rulings made at the October 22 motions hearing in the factual background above, we conclude that we have offered Mr. Wood as much assistance as is permissible. His motion is therefore otherwise **DENIED**.

Mr. Wood's request for clarification also asks that we explicitly state our decisions in the form of entry orders so that he may know exactly what has been ordered, specifically requesting that we check boxes on the entry order forms labeling motions as either "Granted," "Denied," or "Other."[3] Wood Mot. to Clarify, Reconsider at ¶ 13. We understand and appreciate the clarity that a one-page entry order provides the parties. However, from time to time, we must elaborate upon the factual background and procedural posture of a case and explain our legal analysis thoroughly, something that is not always easily accomplished in a one-page entry order. We encourage the parties to thoroughly read and consider our written decisions if they wish to have an opportunity to reach a complete understanding of our decisions.

Regarding his motion for reconsideration, Mr. Wood seems to suggest that the Court has ruled arbitrarily between his motion for contempt in Docket No. 121-7-03 Vtec and the Town's contempt motion in Docket No. 185-10-04 Vtec. In addressing such reconsideration requests, we are directed to review our earlier decisions for the presence of legal error or the absence of factual support. See Garrow v Garrow, 150 Vt. 426, 428 (1988) (citing Romano v. Romano, 133 Vt. 314, 316 (1975)). In his motion, Mr. Wood asserts that the Court, among other things, ruled arbitrarily regarding his motion for contempt, set scheduling deadlines that unfairly benefit the Town, was unclear about scheduling deadlines Mr. Wood was to meet, and "cheat[ed] the appellant" out of time he was allotted to reply to the Town's response to Mr. Wood's request to weatherproof his structure. We take Mr. Wood's assertions in turn.

First, we note that at the October 22 telephonic motion hearing, the Court did not issue any final order or judgment regarding either party's contempt motion. The Court

---

[3] Mr. Wood explains his confusion thusly: "…[U]pon receiving the entry order regarding the request to amend the court failed to check one of the three options on the order. The appellant now does not know whether it was granted or not." Wood Mot. to Clarify, Reconsider at ¶ 13. Mr Wood is correct that the Court neglected to check one of the entry boxes. But the text of this Entry Order provides the clear direction Mr. Wood requests.

responded to Mr. Wood's request for additional time to find an attorney and prepare defense materials. Although we will allow pro se litigants, like Mr. Wood, some flexibility, we must also hold them to the same standards to which we must hold an attorney and the party they represent. Vahlteich v. Knott, 139 Vt. 588, 590-91 (1981). In the above-cited cases, we have allowed Mr. Wood much flexibility, particularly with regard to affording many months in additional time to prepare and organize his arguments. It is not apparent to this Court that Mr. Wood has suffered from any "unfair advantage" from which this Court could protect him in accordance with Nevitt v. Nevitt, 155 Vt. at 401.

There has been no final determination of the contempt motions at this point. We have merely accommodated Mr. Wood's scheduling requests. All the Court has accomplished thus far is to adjust the schedule for the parties' filing deadlines so as to give Mr. Wood a fair opportunity to present his arguments.

Such decisions fall within the inherent power of the Court to conduct the business before it and to take actions necessary to administer justice "efficiently, fairly, and economically," which is necessary to the Court's "existence, dignity, and functions." 20 Am.Jur. Courts § 39 (2007); see also Vt. Const. ch. II, § 28 (regarding Vermont courts, "justice shall be therein impartially administered, without corruption or unnecessary delay"). Mr. Wood argues that these deadlines were not clear and appears to suggest that the Court should reconsider its past determinations of filing deadlines due to his apparent confusion. We conclude that no such clarification is warranted here. Given the set of entry orders issued on October 31, along with Mr. Wood's oral acknowledgement of the orders the Court issued during the October 22 hearing, we cannot say that the Court did not provide Mr. Wood with fair notice of its filing deadlines. Moreover, if Mr. Wood was confused regarding the filing extensions made at his request, the Court offered him the opportunity eliminate any confusion by timely requesting clarification. He did not request clarification until some deadlines had passed and others were near. However, this provides us with neither a factual basis to change those rulings, nor does it demonstrate legal error.

Lastly, Mr. Wood complains that the Court did not give him ten days to reply to the Town's response to Mr. Wood's request to weatherproof his structure. Mr. Wood

filed his request on November 27, 2007. The Town filed its response on December 6, 2007, within the Court-ordered ten business day window. The Town did not oppose Mr. Wood's request. Mr. Wood replied to the Town's response (complete with a reference to the Town's December 6 response) on December 11, and the Court issued an entry order regarding weatherproofing on December 13. Mr. Wood filed his reply within ten days of the Town's response to Mr. Wood's request, taking advantage of his response period. The Court considered Mr. Wood's reply when it deliberated on his request. We find no factual support for Mr. Wood's assertion that he was denied the opportunity to respond to the Town.

Because we find neither legal error nor a lack of factual support for the rulings made at and after the October 22, 2007 motions hearing, Mr. Wood's motion for reconsideration of those rulings is **DENIED**.

## 3.  Motion to Take New Evidence and Reconsider in Docket No. 72-3-00 Vtec

Mr. Wood has moved that we take new evidence and reconsider the Court's September 21, 2001 Decision in Docket No. 72-3-00 Vtec. The Town, by a letter filed with the Court on January 15, 2008, has moved that Mr. Wood's motion be dismissed for failing to submit legal memoranda explaining this Court's authority to reopen and reexamine the issues in Docket No. 72-3-00 Vtec. We decline to grant Mr. Wood's request here, as he has offered no legal support for granting it. As we explained at the October 22, 2007 motions hearing, the consequences of Mr. Wood's failure to submit the requested legal memoranda would be immediate consideration of his motion. While we have received no assistance from Mr. Wood in determining how this Court could grant such a motion, we have conducted our own legal analysis of the issue and find no precedent to support it.

In Docket No. 72-3-00 Vtec, Mr. Wood appealed a decision of the Zoning Board of Adjustment of the Town of Hartford that upheld a Notice of Violation against Mr. Wood for failing to comply with the terms of a permit to build a retaining wall on Mr. Wood's property during "Phase II" of his project. Town of Hartford v. Wood, Docket No. 72-3-00 Vtec slip op. at 1-3 (Vt. Envtl. Ct. Sept. 21, 2001) (J. Wright), aff'd, Docket No. 2001-473 (Vt. Sup. Ct. May 29, 2002). The terms of the permit required Mr. Wood to obtain easements from the Town for "ingress and egress over and the stockpiling of

snow on the [Town of Hartford] Fire Department property." Town of Hartford v. Wood, Docket No. 72-3-00 Vtec slip op. at 3 (Vt. Envtl. Ct. Sept. 21, 2001). Mr. Wood secured this easement, but he appealed our determination that the easement did not allow him to place the foot of his retaining wall on Fire Department property. Town of Hartford v. Wood, Docket No. 2001-473 (Vt. Sup. Ct. May 29, 2002) (unpub. mem.). Our Decision was affirmed by our Supreme Court on appeal. Id.

The site plan approvals also called for a retaining wall to support the upper level of the site. Town of Hartford v. Wood, Docket No. 72-3-00 Vtec (Vt. Envtl. Ct. Sept. 21, 2001) (J. Wright). The wall was to be a dry-laid, sloping concrete slab wall, and the wall was to meet several specifications. Id. First, the slabs were to be at least ten inches thick. Id. Second, only slabs that had been sawn and that had maintained their integrity were to be used, with hammered slabs unacceptable. Id. Third, any steel was to have been removed from a slab if another slab was to bear on it. Id. Also, only certain types of soils were to be used as backfill. Id.

The Court, Judge Merideth Wright presiding, found that Mr. Wood's concrete slabs "range[d] from seven (7) to ten (10) inches in thickness…[t]he ends of some slabs [had] been hammered rather than sawn [and that]…[s]teel reinforcing bars (rebar) protrude[d] from the ends of the slabs." Id. For these reasons, the Court held that Mr. Wood had failed to comply with the terms of the permit approving his reinforcing wall in Phase II, and the Court entered judgment in the Town's favor. Id. at 3-5. Mr. Wood now asks that we reconsider that September 21, 2001 Decision.

In support of his motion, Mr. Wood now argues, more than six years after the fact, that the Town deliberately misled the Court in order to obtain a favorable ruling. Mr. Wood contends that new evidence has recently become available, and he asks us to take this new evidence under consideration and rescind our September 21, 2001 Decision, which he styles as an "infectious sore" that will continue to give rise to vexatious litigation.

Even if new evidence is now available, the long delay between our decision and Mr. Wood's presentation of new evidence – more than six years – prevents us from now considering new evidence or reconsidering the September 21, 2001 Decision.

The Vermont Rules of Civil Procedure apply to municipal ordinance enforcement cases under our jurisdiction. V.R.E.C.P. 3(3). Because the Rules of Civil Procedure are applicable here, we consider Mr. Wood's motion to be a Motion for Relief from Judgment or Order under V.R.C.P. 60(b). Under that Rule, the Court may relieve a party from a final judgment, order, or proceeding if new evidence is discovered which could not have been discovered by due diligence in time to request a new trial under Rule 59(b). V.R.C.P. 60(b)(2). The Court may also grant the requested relief if there has been fraud, misrepresentation, or "other misconduct of an adverse party." V.R.C.P. 60(b)(3). The decision to grant such a motion is a matter of discretion for this Court. Bidgood v. Town of Cavendish, 2005 VT 64, ¶ 9, 179 Vt. 530, 531 (2005) (mem.).

A request for relief based upon the discovery of new evidence or upon fraud or misrepresentation must be made within one year after the judgment or order. V.R.C.P. 60(b); see also Brown v. Tatro, 136 Vt. 409, 411 (1978) (holding that the one-year time limit is an absolute bar where it applies). Indeed, six-year delays have been held to be fatal to Rule 60(b)(2) motions. In Godin v. Godin, 168 Vt. 514, 517-18 (1998), an ex-husband's motion for relief from a child support judgment made six years after judgment was entered was denied, even where it was deemed that he had presented "newly discovered evidence" regarding the custodial parent's ten-month pregnancy and a second sexual partner. The one-year limitation of Rule 60(b) was deemed to be absolute by the Godin Court; we are compelled to follow its precedent here.

A separate provision of our Civil Rules, Rule 60(b)(6), represents an equitable catch-all provision that allows relief for "any other reason justifying relief from the operation of the judgment." We do not interpret Rule 60(b)(6) in a manner that would help Mr. Wood. Our Supreme Court has held that this provision is "available only when a ground justifying relief is not encompassed within any of the first five classes of the rule." Alexander v. Davis, 140 Vt. 122, 124 (1981) (citing U.S. v. Cirami, 563 F.3d 26, 32 (2nd Cir. 1977)). Mr. Wood has offered no specific factual or legal basis for this Court to grant his motion under Rule 60(b)(6). In this regard, we note that general allegations as to injustice or unfairness are insufficient to justify the extraordinary relief of reopening a final judgment now six years old; there must be some substantive and

specific facts, deemed credible by this Court, to warrant such relief. We conclude that Mr. Wood has provided no such foundation.

Accordingly, because Mr. Wood's motion was filed too late to qualify for relief under V.R.C.P. 60(b), his motion to take new evidence, reopen and reconsider our September 21, 2001 Decision is **DENIED**.

**4. Motions to Reconsider and to Stay in Docket No. 81-4-07 Vtec**

On August 27, 2007, we granted the Town's motion to dismiss Mr. Wood's appeal in Docket Number 81-4-07 Vtec. In response, Mr. Wood has filed two motions. First, Mr. Wood filed a motion to reconsider our August 27 Decision dismissing his appeal. Second, Mr. Wood filed a motion to stay (or toll) the running of the time, if any, remaining on Permit # 99-1180. We will take each of these motions in turn.

First, the August 27, 2007 Decision, written in the form of an entry order, dismissed Mr. Wood's appeal in Docket Number 81-4-07 Vtec. Mr. Wood's Statement of Questions in that Docket broadly asked whether his newest zoning permit application, dated November 20, 2006, should be exempted from site plan approval requirements under the Hartford Zoning Regulations, specifically from the requirement that his site plan be completed by a licensed engineer.

The issue of whether Mr. Wood's applications required the assistance and approval of a licensed engineer has already been addressed and resolved by this Court on two previous occasions. With respect to an earlier application, we have held that the Town has the discretionary authority to require Mr. Wood to submit site plans completed by a licensed engineer. Appeal of Wood, Docket Nos. 185-10-04 Vtec and 174-8-05 Vtec slip op. at 13, 16 (Vt. Envtl. Ct. Apr. 13, 2006) (J. Durkin). Our August 27, 2007 Decision dismissing Mr. Wood's appeal in 81-4-07 Vtec considered this issue resolved after Mr. Wood's unsuccessful appeal to the Vermont Supreme Court. In re: Wood Zoning Permit Amendment, Docket No. 81-4-07 Vtec Entry Regarding Motion (Vt. Envtl. Ct. Aug. 27, 2007) (J. Durkin). Mr. Wood now seeks a third review of whether his development plans require site plan approval. We decline to authorize this third bite at the proverbial apple.

The doctrine of issue preclusion prevents Mr. Wood from re-litigating this same issue. The doctrine prevents relitigation of an issue and applies when:

- 13 -

(1) it is asserted against one who was a party in the prior action; (2) the same issue was raised in the prior action; (3) the issue was resolved by a final judgment on the merits; (4) there was a full and fair opportunity to litigate the issue in the prior action; and (5) its application is fair.

In re Stormwater NPDES Petition, 2006 VT 91, ¶ 23, 180 Vt. 261, 275 (2006).

The issue of whether the Hartford Zoning Regulations may require a professionally completed site plan has been raised and decided by final judgment. Appeal of Wood, Docket No. 185-10-04 Vtec slip op. at 16 (Vt. Envtl. Ct. Apr. 13, 2006) (J. Durkin). Mr. Wood was a party to that action and had a full and fair opportunity to litigate that issue. Holding Mr. Wood to the final decisions of this Court and our Supreme Court is fair in light of these long and protracted litigations. Therefore, Mr. Wood's motion for reconsideration of our August 27, 2007 Decision must be **DENIED**.

Second, Mr. Wood has requested that the time remaining, if any, on Permit # 99-1180 be tolled during the pendency of his appeals. As we have explained, Permit # 99-1180 remained valid for 331 days, and the permit time began to run on April 13, 2006. Appeal of Wood, Docket Nos. 185-10-04 Vtec and 174-8-05 Vtec slip op. at 14-15 (Vt. Envtl. Ct. Apr. 13, 2006) (J. Durkin). A permit's effective time may be tolled "where a valid permit is issued for a specified period, and *where actual construction is delayed by litigation*, involving parties who…oppose construction, past that time, a permittee otherwise proceeding in good faith is entitled to reissuance of that permit…." Preseault v. Wheel, 132 Vt. 247, 253 (1974) (emphasis added). We have twice explained to Mr. Wood what time remained on his permit: see In re: Appeal of Wood, Docket No. 121-7-03 Vtec slip op. at 4 (Vt. Envtl. Ct. May 19, 2004) (J. Wright) and In re: Appeal of Wood, Docket No. 185-10-04 Vtec slip op. at 14-15 (Vt. Envtl. Ct. Apr. 13, 2006) (J. Durkin). For the time remaining on Mr. Wood's permit to be stayed, there must be a credible showing that litigation actually caused a construction delay during the 331 day window beginning April 13, 2006 and ending March 10, 2007.

Our review of the record in all five of the above-captioned Dockets reveals that between April 13, 2006 and March 10, 2007 there was a single action taken that might toll the running of the time remaining on Permit # 99-1180: Mr. Wood's filing of his Notice of Appeal in Docket No. 81-4-07 Vtec. Mr. Wood filed his Notice of Appeal on

March 9, 2007, the eve of the expiration of his permit. He has since also sought to toll the time remaining on this permit in Docket No. 176-8-07 Vtec.[4]

Mr. Wood's appeal in Docket Number 81-4-07 Vtec does not satisfy the permit tolling framework described in Preseault. Unlike the litigation in Preseault, this litigation did not prevent Mr. Wood from completing construction under Permit # 99-1180. Preseault, 132 Vt. at 253. In Preseault, challenges to the legality of a developer's building permit outlasted the building permit itself and delayed the developer's completion of his project. Id. In contrast, as the Hartford ZBA noted in its March 9, 2007 Decision on Mr. Wood's latest application, Mr. Wood was free to continue to work under Permit # 99-1180 until it expired, irrespective of his newest application. Put more simply, no one has filed an appeal to challenge Mr. Wood's authority to work under Permit # 99-1180.[5] Mr. Wood merely sought in his latest appeal to expand his building authority under the permit. There was nothing that prevented him from fulfilling the work that Permit # 99-1180 allowed during its term. His most recent application merely sought to amend Permit # 99-1180. That application was denied because Mr. Wood did not submit proper site plans. However, Permit # 99-1180 continued to be a valid authorization for construction until it expired on March 10, 2007.[6]

Because there is no time remaining on Permit # 99-1180; there is nothing left for this Court to toll. Mr. Wood's motions to stay in Docket Nos 81-4-07 Vtec and 176-8-07 Vtec must therefore be **DENIED** because the relief he requests cannot be granted.

## CONCLUSION

Accordingly, based on the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. Mr. Wood's Motion to Reconsider our September 28, 2007 Entry Order in Docket No. 185-10-04 Vtec is **DISMISSED AS MOOT**.

2. Mr. Wood's Motion to Reconsider and Clarify our October 22, 2007 Decisions as they relate to all five above-captioned Dockets is **DENIED AS MOOT**,

---

[4] This appeal, and the request for a stay, was filed after March 10, 2007. Therefore, the question of whether any time remains to be tolled will be resolved solely based upon Mr. Wood's motion in Docket No. 81-4-07 Vtec.

[5] The Town only sought to challenge Mr. Wood's construction authority under Permit #99-1180 after that Permit had expired.

[6] Mr. Wood makes reference to a request for stay contained in a letter he submitted to the Hartford ZBA. It does not appear that the ZBA recognized or acted upon this stay request. We do not view this filing as offering further support for Mr. Wood's current stay request.

particularly as it relates to the explanation supplied in the Background section of this Decision, and is otherwise **DENIED** to the extent it requests legal advice or reconsideration of our October 22, 2007 Decisions.

3.  Mr. Wood's Motion to Take New Evidence and Reconsider our September 21, 2001 Decision in Docket No. 72-3-00 Vtec is **DENIED**.

4.  Mr. Wood's Motion to Reconsider our August 27, 2007 Entry Order in Docket No. 81-4-07 Vtec is **DENIED**.

5.  Mr. Wood's Motions to Stay Permit Time in Docket Nos 81-4-07 Vtec and 176-8-07 Vtec are **DENIED**.

This resolves most of the motions pending before the Court. At present, the following two motions remain under advisement and will be addressed in a forthcoming opinion: Mr. Wood's Motion for Contempt and Relief in Docket No. 121-7-03 Vtec and the Town's Motions for Contempt and Injunctive Relief in Docket No. 185-10-04 Vtec. Thereafter, we must take up the substance of Mr. Wood's appeal in Docket No. 176-8-07 Vtec. If the parties believe that there are other issues that remain outstanding, we ask that they notify the Court immediately.

Done at Berlin, Vermont this 6th day of March, 2008.

_____
Thomas S. Durkin, Environmental Judge

- 16 -