## State of Vermont v. Gary Condrick

[477 A.2d 632]

No. 83-027

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed April 27, 1984

*Andrew B. Crane,* Defender General, and *William A. Nelson,* Appellate Defender, Montpelier, for Defendant-Appellant.

**Gibson, J.** The Vermont District Court, Unit No. 5, Washington Circuit, found defendant to be a person in need of treatment and, pursuant to the involuntary treatment provisions of 13 V.S.A. §§ 4814–4822, ordered defendant committed to

the care and custody of the Commissioner of Mental Health for a period of 90 days. The order of the district court is vacated.

Defendant was originally charged with a violation of 13 V.S.A. § 3701, entitled "Unlawful mischief." While residing at a group home, he was apprehended in the act of vandalizing an automobile by throwing a porcelain toilet bowl through the windshield and by smashing it with a rowboat oar and snow shovel.

He was ordered to submit to a psychiatric examination. 13 V.S.A. § 4814. The examining physician reported that he was incompetent to stand trial and in need of further hospitalization. Id. §§ 4815–4816. A hearing was held, pursuant to 13 V.S.A. § 4820, after which the court found defendant to be incompetent. The court also found defendant to be a person in need of treatment, and he was committed to the care and custody of the Department of Mental Health for a period of ninety days.

Defendant contends the findings of the district court are legally insufficient because they (1) fail to identify his alleged mental illness, (2) fail to decide whether defendant was dangerous, and (3) fail to conclude whether there were less restrictive alternatives to hospitalization.

■ Although the ninety-day commitment order has long since expired, defendant claims his appeal is not moot. He is correct. There are several exceptions to the mootness doctrine. A case is not moot when a situation is capable of repetition, yet evades review, or when negative collateral consequences are likely to result. *State* v. *O'Connell,* 136 Vt. 43, 45, 383 A.2d 624, 626 (1978). The public interest exception to the mootness doctrine has also been invoked in cases when discharge from hospitalization occurs prior to appeal. See, e.g., *Proctor* v. *Butler,* 117 N.H. 927, 930, 380 A.2d 673, 675 (1977). Although *O'Connell* involved commitment in a criminal proceeding, many jurisdictions have followed the same approach when confronted with the issue in civil proceedings. See, e.g., *In re Ballay,* 482 F.2d 648, 651–53 (D.C. Cir. 1973); *Hashimi* v. *Kalil,* 388 Mass. 607, 608, 446 N.E.2d 1387, 1389 (1893); *In re N. B.,* 620 P.2d 1228, 1231 (Mont. 1980); *In re R. B.,*

364

158 N.J. Super. 542, 545, 386 A.2d 893, 894–95 (1978); *In re Bunnell,* 100 N.M. 242, 244, 668 P.2d 1119, 1121 (1983); *State v. Lodge,* 608 S.W.2d 910, 910–12 (Tex. 1980).

Mental health commitments are often for limited periods of time and are apt to recur. A person could be hospitalized repeatedly and then discharged, with each instance evading review. Moreover, even after discharge, the collateral consequences of being found mentally ill may continue to plague a defendant. Legal disabilities as well as social stigmatization remain. *In re D. B. W.,* 616 P.2d 1149, 1151 (Okla. 1980). Some jurisdictions have gone so far as to hold that the mootness doctrine is not generally applicable to mental health cases. See, e.g., *In re Garcia,* 59 Ill. App. 3d 500, 503, 375 N.E.2d 557, 559 (1978).

■ We hold that despite defendant's discharge from custody his appeal of the commitment order is not moot, and this Court has jurisdiction to hear the merits of defendant's appeal.

The commitment procedure followed here, contained in 13 V.S.A. §§ 4814–4822, is to be distinguished from the involuntary civil commitment procedure contained in 18 V.S.A. §§ 7601–7623. The first is utilized when a person has been charged with a criminal offense but may not be competent to stand trial, may have been insane at the time of the offense, may intend to plead insanity as a defense, or may introduce evidence that he lacked the requisite mental state to commit the charged offense. 13 V.S.A. § 4814. The Title 13 procedure closely parallels but is not identical to the involuntary civil commitment procedure contained in Title 18, and, in fact, incorporates the Title 18 definition of "a person in need of treatment."

Defendant argues that the court's findings, based upon a § 4820 evidentiary hearing, are patently inadequate. We agree. Section 4822(a) requires a finding that "such person is a person in need of treatment or a patient in need of further treatment as defined in section 7101 of Title 18 . . . ." 18 V.S.A. § 7101(17) defines "[a] person in need of treatment" as

> *a person who is suffering from mental illness and,* as a result of that mental illness, his capacity to exercise self-

control, judgment, or discretion in the conduct of his affairs and social relations is so lessened that he *poses a danger of harm to himself or others;*

(A) A danger of harm to others may be shown by establishing that:

(i) he has inflicted or attempted to inflict bodily harm on another; or

(ii) by his threats or actions he has placed others in reasonable fear of physical harm to themselves; or

(iii) by his actions or inactions he has presented a danger to persons in his care.

(B) A danger of harm to himself may be shown by establishing that:

(i). he has threatened or attempted suicide or serious bodily harm; or

(ii) he has behaved in such a manner as to indicate that he is unable, without supervision and the assistance of others, to satisfy his need for nourishment, personal or medical care, shelter, or self-protection and safety, so that it is probable that death, substantial physical bodily injury, serious mental deterioration or serious physical debilitation or disease will ensue unless adequate treatment is afforded. (Emphasis added.)

Section 7101(14) defines "mental illness" as:

a substantial disorder of thought, mood, perception, orientation, or memory, any of which grossly impairs judgment, behavior, capacity to recognize reality, or ability to meet the ordinary demands of life, but shall not include mental retardation.

■ In *State* v. *Ladd,* 139 Vt. 642, 643, 433 A.2d 294, 295 (1981), also involving Title 13 commitment proceedings, we rejected findings that "merely recited the diagnostic label used by the psychiatrist, combined with statutory language from 18 V.S.A. § 7101(17) which establishes the standard to be used in determining whether hospitalization is required." We found those findings inadequate and stated that "[i]t is the duty of the court . . . to state facts, not conclusions. . . . Mere recitations of diagnostic labels combined with pertinent statutory language will not suffice." *Id.* at 643–44, 433 A.2d at 295.

The court, in this case, made oral findings from the bench as follows:

the Court finds that, although the defendant is not up to standard mentally, he does have some mental illness in connection with it, and because of this he lacks the sufficient capacity and insight to make a responsible decision concerning his mental condition, and that he is in need of custody, and care, and treatment. And the Court orders him committed to the care and custody of the Commissioner of Mental Health for a period of 90 days.

The Court also signed a commitment order that stated

It is hereby found that the defendant is mentally ill and because of his illness lacks sufficient capacity or insight to make a responsible decision concerning his mental condition and is in need of custody, care or treatment.

█ The findings here do not satisfy the requirements of 13 V.S.A. § 4822. Section 7101 (17) requires a finding that defendant is "suffering from mental illness and . . . that he poses a danger of harm to himself or others." The court held a full evidentiary hearing that included testimony of a psychiatrist and cross-examination by counsel for both the State and defendant. There was some dispute whether defendant was mentally retarded, mentally ill or both. There was evidence in the record from which the court could have garnered descriptive facts to support its cursory conclusion that defendant was mentally ill; however, the court made no factual findings or conclusions at all on the issue whether defendant "poses a danger of harm to himself or others . . . ." This deficiency constitutes reversible error. Cf. *State* v. *O'Connell, supra,* 136 Vt. at 47, 383 A.2d at 626 (failure to find present mental illness resulted in defective commitment procedure).

Defendant also contends the court failed to conclude whether there were less restrictive alternatives to hospitalization. We note, however, that this finding is not required in the commitment procedures at hand but is a requirement, rather, of the civil commitment procedures under Title 18.

*Reversed and commitment order vacated.*