## State of Vermont v. Frederick G. Robinson, Jr.

[505 A.2d 674]

No. 84-246

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed January 10, 1986

*Jeffrey L. Amestoy*, Attorney General, *Elizabeth Grant Rome*, Assistant Attorney General, and *Stephen Norten*, Law Clerk (On the Brief), Montpelier, for Plaintiff-Appellee.

*Robert M. Fairbanks* of *Gaston & Durrance* and *Nancy E. Kaufman*, Montpelier, and *Martin and Paolini*, Barre, for Defendant-Appellant.

**Peck, J.** Defendant appeals from an order of the district court committing him involuntarily to the care of the Commissioner of Mental Health for ninety days. 13 V.S.A. § 4822. Defendant claims on appeal that the lower court's order lacked a factual basis. We agree with defendant and reverse.*

On December 16, 1983, defendant was arrested by Waterbury police and charged with driving a truck without the owner's permission. 23 V.S.A. § 1094. The arresting officer had initially stopped defendant because of his evident erratic operation of the truck. Defendant was arraigned and lodged for lack of bail.

When defendant apparently exhibited signs of incompetency at the jury drawing, the court ordered him examined by a psychiatrist pursuant to 13 V.S.A. § 4814. In the opinion of the psychiatrist, defendant was both legally insane at the time of the offense and not competent to stand trial.

At the March 8, 1984 hearing on the issue of competency the court agreed, at defendant's request, to order a second evaluation. On April 12 the court conducted a second competency hearing at which the court heard the testimony of a second psychiatrist, Dr. McAree. Although Dr. McAree testified that defendant was hostile, angry and somewhat menacing at times, he did not believe defendant represented a physical danger to other persons. However, the doctor did indicate he believed defendant should be hospitalized because he represented a danger to himself:

| Dr. McAree: | I don't believe that he's currently suicidal and the risk, really, is one of neglect and bad judgment. That's more of a risk than any other thing. |
|---|---|
| Defense Counsel: | So, your opinion that he should be hospitalized is based more on, as you say, neglect for his own needs, nourishment, that sort of thing rather than being a danger, actual physical danger to anyone. |
| Dr. McAree: | That's true. |

---

\* Although the ninety-day commitment order has long since expired, for the reasons stated in *State* v. *Condrick*, 144 Vt. 362, 363-64, 477 A.2d 632, 633 (1984), this case is not moot.

During the course of the hearing the defendant did interrupt the proceedings and voiced his opinion on various matters. The court found defendant "unduly hostile and unresponsive in substance to questions asked of him." Further, in its findings the court indicated that:

> He exhibited such a high level of hostility that the court is of the opinion that the defendant represents a substantial risk to those about him if he is not placed in a "facility" for a period of time.

Based on its findings the court ordered defendant committed to the care of the Commissioner of Mental Health for a period of 90 days. 13 V.S.A. § 4822.

Section 4822(a) authorizes involuntary commitment "[i]f the court finds that such person is a person in need of treatment . . . as defined in section 7101 of Title 18 . . . ." Section 7101(17) provides that:

> "A person in need of treatment" means a person who is suffering from mental illness and, as a result of that mental illness, his capacity to exercise self-control, judgment, or discretion in the conduct of his affairs and social relations is so lessened that he poses a danger of harm to himself or others;
>
> (A) A danger of harm to others may be shown by establishing that:
>
> (i) he has inflicted or attempted to inflict bodily harm on another; or
>
> (ii) by his threats or actions he has placed others in reasonable fear of physical harm to themselves; or
>
> (iii) by his actions or inactions he has presented a danger to persons in his care.
>
> (B) A danger of harm to himself may be shown by establishing that:
>
> (i) he has threatened or attempted suicide or serious bodily harm; or
>
> (ii) he has behaved in such a manner as to indicate that he is unable, without supervision and the assistance of others, to satisfy his need for nourishment, personal or medical care, shelter, or self-protection and safety, so that it is probable that death, substantial physical bodily injury, serious mental deterioration or serious physical debilitation or

disease will ensure unless adequate treatment is afforded;
. . . .

■   Defendant's commitment cannot be justified in the absence of proof and sufficient findings that his illness caused him to be a danger to others or to himself. *State* v. *Spear*, 142 Vt. 547, 551, 458 A.2d 1098, 1100 (1983). The State argues that there was sufficient proof that defendant posed a danger to himself. Even if this were true, the court made no finding on this issue and, therefore, the order could not be justified on this ground. *Id.* The record fails to support the finding that defendant posed a danger of harm to others. There was no evidence that defendant inflicted or attempted to inflict bodily harm on another, 18 V.S.A. § 7101(17)(A)(i); no evidence that by his action or inactions he presented a danger to persons in his care, *id.* at § 7101(17)(A)(iii); and no evidence that by his threats or actions he placed others in reasonable fear of physical harm to themselves, *id.* at § 7101 (17)(A)(ii).

■   The court did find that defendant "exhibited such a high degree of hostility" that he posed a danger of harm to others. This finding is unsupported by the evidence. Dr. McAree, who acknowledged defendant's hostility, indicated defendant did not pose such a threat of harm to others. A review of the transcripts of March 8 and April 12 hearings further indicates that the court's finding is unjustified. There was no evidence that defendant placed anyone in reasonable fear of physical harm either by his words or his actions. The defendant did vehemently express his displeasure with the nature of the proceedings but, based on the record, we hold that the court erred in holding that defendant represented a "substantial risk to those about him."

*Reversed and commitment order vacated.*