2013 VT 105

## H. Brooke Paige v. State of Vermont, James Condos, Secretary of State and Barack Obama

[88 A.3d 1182]

No. 12-439

Present: **Reiber, C.J., Dooley, Skoglund and Burgess, JJ., and Zonay, Supr. J., Specially Assigned**

Opinion Filed October 18, 2013

Motion for Reargument Denied December 6, 2013

*H. Brooke Paige*, Pro Se, Washington, and *Mario Apuzzo*, Jamesburg, New Jersey, for Plaintiff-Appellant.

*William H. Sorrell*, Attorney General, and *Todd W. Daloz*, Assistant Attorney General, Montpelier, for Defendants-Appellees State of Vermont and James Condos.

¶ 1. **Burgess, J.** Plaintiff H. Brooke Paige appeals a decision by the Washington Superior Court, Civil Division, granting a motion to dismiss by the State and its Secretary of State James Condos.[1]

---

[1] As used in this opinion, defendants refers to the State of Vermont and Secretary of State James Condos. Plaintiff named the State of Vermont, Secretary of State James Condos, and then-presidential-candidate Barack Obama as defendants. On appeal, plaintiff and defendants presented arguments on the issue of service of process on President Obama, and whether or not President Obama was a

Plaintiff contends the trial court erred in dismissing the suit on jurisdictional grounds because injury to his life, liberty, and property confers standing, as do Vermont election statutes, 17 V.S.A. §§ 2603 and 2617. Plaintiff also asserts that the past presidential election does not render his case moot because this Court can still provide declaratory relief. We disagree, and dismiss the appeal as moot.

¶ 2. The facts and procedural history are summarized as follows. Plaintiff, a Vermont resident and · voter, filed a complaint on August 27, 2012, seeking declarations that Barack Obama is not a "natural born Citizen" as required for eligibility to be President in Article II, Clause 4, of the Federal Constitution and was thus unqualified to be on the ballot for the Office of President, and that Barack Obama's Petition for Nomination for the primary election and filings for the general election were "null and void" because of his ineligibility to hold office. Plaintiff defined "natural born Citizen," according to treatises and other writings preceding and contemporaneous to the Constitution's founding, as a person born to two parents who were citizens of the United States at the time of the person's birth. In addition, plaintiff sought an injunction against the Vermont Secretary of State to bar the Secretary from including Barack Obama's name on the election ballot in Vermont.

¶ 3. On September 25, 2012, defendants filed a motion to dismiss plaintiff's complaint pursuant to Vermont Rule of Civil Procedure 12(b)(1) and (6). Defendants argued that the court lacked jurisdiction to hear the case because plaintiff's injury was "generalized and speculative," and so did not establish standing. Defendants further asserted that the trial court did not have jurisdiction because the court was the wrong forum in which to request relief. On the merits of the case, defendants maintained that the Secretary of State does not have the authority to determine a presidential candidate's eligibility, and argued that the Constitution does not require a candidate for President to be born of two citizen parents to qualify as a "natural born citizen."

¶ 4. Recognizing the passage of the general election, on November 8, 2012, plaintiff filed a letter with the trial court requesting a pretrial conference and expedited hearing. Plaintiff sought to ensure enough time for the trial court to thoroughly review all

necessary party to the suit. Because this Court decides the case on jurisdictional grounds, these issues need not be resolved.

issues and direct the Secretary of State to carry out his election duties prior to the state's participation in the Electoral College.

¶ 5. On November 14, 2012, the court granted defendants' motion to dismiss, ruling that plaintiff lacked standing to bring the suit because the claim was "an impermissible generalized grievance." Plaintiff filed a timely notice of appeal, and subsequently filed a motion in late December 2012 for an expedited hearing before this Court in advance of the Joint Session of Congress that would take place on January 6.[2] This Court denied the motion.

¶ 6. The central question now before this Court on appeal is whether the mootness doctrine bars review of plaintiff's case. Plaintiff argues this case is not moot because the Court can provide relief by declaring that Barack Obama is not a natural-born citizen, and asserts that a controversy continues through plaintiff's efforts to safeguard his life, liberty and property. Plaintiff also contends that this case satisfies two exceptions to the mootness doctrine. First, plaintiff anticipates that a situation involving an ineligible presidential candidate is capable of repetition yet evades review because President Obama may run for a third term if Congress repeals the Twenty-Second Amendment, or other presidential candidates not born of two U.S. citizens are likely to run for president in the future. Second, plaintiff asserts that he suffers negative collateral consequences as a result of Barack Obama's presidency that impact his life, liberty, and property.

¶ 7. The case is moot. Neither exception advocated by plaintiff applies here. Accordingly, this Court need not address plaintiff's other arguments on standing or the merits.

¶ 8. ■ We review dismissal for lack of subject-matter jurisdiction de novo. See *Brod v. Agency of Natural Res.*, 2007 VT 87, ¶ 2, 182 Vt. 234, 936 A.2d 1286 (citing *Town of Bridgewater v. Dep't of Taxes*, 173 Vt. 509, 510, 787 A.2d 1234, 1236 (2001) (mem.)). In order for the Court to rule on substantive issues, an appeal must involve "either a 'live' controversy, or the parties must have a 'legally cognizable interest in the outcome' of the case throughout

[2] In plaintiff's "Motion for an Order Requiring Appellees to Immediately Respon[d] and for an Expedited Hearing, Review and Final Determination," plaintiff stated that the Joint Session would take place January 6, 2012. The Court proceeds under the assumption that plaintiff intended the date of January 6, 2013.

the entire proceeding." *In re S.N.*, 2007 VT 47, ¶ 5, 181 Vt. 641, 928 A.2d 510 (mem.) (quoting *In re P.S.*, 167 Vt. 63, 67, 702 A.2d 98, 100 (1997)). Additionally, "an issue becomes moot 'if the reviewing court can no longer grant effective relief.'" *Chase v. State*, 2008 VT 107, ¶ 11, 184 Vt. 430, 966 A.2d 139 (quoting *In re Moriarty*, 156 Vt. 160, 163, 588 A.2d 1063, 1064 (1991)). "Unless an actual or justiciable controversy is present, a declaratory judgment is merely an advisory opinion which we lack the constitutional authority to render." *Doria v. Univ. of Vt.*, 156 Vt. 114, 117, 589 A.2d 317, 318 (1991).

¶ 9. ■ Recognized principles of mootness apply to the present case because it no longer involves a live controversy. Plaintiff has no legally cognizable interest in the outcome. Barack Obama's name was on the ballot, and he is now the President of the United States. President Obama is also unable to seek reelection. U.S. Const. amend. XXII. The issuance of an advisory opinion assessing the merits of plaintiff's argument about the meaning of "natural born Citizen" is beyond this Court's constitutional prerogative. See *In re Keystone Dev. Corp.*, 2009 VT 13, ¶ 7, 186 Vt. 523, 973 A.2d 1179 (mem.) (explaining that this Court lacks authority to render an advisory opinion).

¶ 10. ■ Plaintiff's assertion that the Court can proceed to the merits because this case fits within two established exceptions to the mootness doctrine is unavailing. First, plaintiff argues that the situation where an unqualified person runs for the Office of the President "is capable of repetition, yet evades review." *State v. Condrick*, 144 Vt. 362, 363, 477 A.2d 632, 633 (1984) (citing *State v. O'Connell*, 136 Vt. 43, 45, 383 A.2d 624, 626 (1978)). To fall within the mootness exception for situations capable of repetition yet evading review, plaintiff must satisfy a two-prong test. First, "the challenged action must be in its duration too short to be fully litigated prior to its cessation or expiration." *Price v. Town of Fairlee*, 2011 VT 48, ¶ 24, 190 Vt. 66, 26 A.3d 26 (citing *State v. Tallman*, 148 Vt. 465, 469, 537 A.2d 422, 424 (1987)). Second, "there must be a reasonable expectation that the same complaining party will be subjected to the same action again." *Id.*

¶ 11. ■ ■ Assuming, without deciding, that plaintiff satisfied the first prong of this exception, plaintiff failed to establish the second prong, i.e., a reasonable expectation that he will again be subjected to the same action. The "reasonable expectation" re-

quirement necessitates "more than just a theoretical possibility that the same event will happen again in the future." *Doria*, 156 Vt. at 118, 589 A.2d at 319 (citing *In re Green Mountain Power Corp.*, 148 Vt. 333, 335, 532 A.2d 582, 584 (1987)). As previously stated, President Obama cannot seek reelection. Therefore, plaintiff will not again be subject to the same litigation — the "same event" — with regards to President Obama. Plaintiff points to the fact that there is a bill in the House of Representatives that proposes repealing the Twenty-Second Amendment to the Constitution, the provision limiting the number of terms a person may hold the Office of the President. Plaintiff also asserts that other politicians such as Senator Marco Rubio, Senator Ted Cruz, and Governor Bobby Jindal may run for President in 2016 and, like Barack Obama, were not the issue of two citizens. Assuming those claims as to parentage are correct, the candidacies complained of are entirely speculative and are not for this Court's consideration. If one of the above-mentioned politicians should run for President, that situation would be a new and different event. See *In re P.S.*, 167 Vt. at 68, 702 A.2d at 101 (holding that capable of repetition but evading review exception did not apply because any future orders with regards to nonhospitalization would be considered "new fact patterns"). The exception to the mootness doctrine for issues capable of repetition yet evading review does not apply to the present case.

¶ 12. ■ Plaintiff also posits that his case fits within the second exception to the mootness doctrine because he will suffer negative collateral consequences of laws and orders that are invalid by virtue of the President's continued ineligibility for office. The so-called negative collateral consequences exception to the mootness doctrine "is limited to situations where proceeding to a decision in an otherwise dead case is 'justified by a sufficient prospect that the decision will have an impact on the parties.'" *In re Collette*, 2008 VT 136, ¶ 16, 185 Vt. 210, 969 A.2d 101 (quoting *All Cycle, Inc. v. Chittenden Solid Waste Dist.*, 164 Vt. 428, 432, 670 A.2d 800, 803 (1995)). This exception often applies in mental health cases where "involuntary commitment results in social stigma," *E.S. v. State*, 2005 VT 33, ¶ 7, 178 Vt. 519, 872 A.2d 356 (mem.), and potential "legal disabilities." *State v. J.S.*, 174 Vt. 619, 620, 817 A.2d 53, 56 (2002) (mem.).

¶ 13. ■ Plaintiff fails, however, to identify any negative result specific to him. His claim is a generalized grievance, in common

with anyone sharing his interpretation of Article II. The injury asserted is not analogous to the social stigma or legal disability capable of invoking the exception because plaintiff cannot demonstrate how the injury is personal or debilitating. Furthermore, a declaration by this Court with regards to plaintiff's "natural born Citizen" argument would have no impact on the qualification-related laws and orders to which plaintiff refers, since a ruling by this Court would bind no other state or federal presidential election authority. Whatever the merit of his argument, plaintiff's cure in the form of declaratory relief is futile and so beyond this Court's constitutional jurisdiction. Absent a direct link between the challenged laws and orders and the purportedly negative collateral consequences suffered by plaintiff, the collateral consequence exception to mootness is inapplicable. Accordingly, the appeal must be dismissed as moot.

*Appeal dismissed as moot.*