2013 VT 105



Paige v. State of Vermont, James
Condos, Secretary of State and Barack Obama (2012-439)

 

2013 VT 105

 

[Filed 18-Oct-2013]

 

NOTICE:  This opinion is
subject to motions for reargument under V.R.A.P. 40 as well as formal revision
before publication in the Vermont Reports.  Readers are requested to
notify the Reporter of Decisions by email at: JUD.Reporter@state.vt.us or by
mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont
05609-0801, of any errors in order that corrections may be made before this
opinion goes to press.

 

 


 2013 VT 105
 
  


 No. 2012-439
 
  


 H. Brooke Paige
 
 
 Supreme Court
 
 
  
 
 
  
 
 
  
 
 
 On Appeal from
 
 
      v.
 
 
 Superior Court, Washington
 Unit,
 
 
  
 
 
 Civil Division
 
 
  
 
 
  
 
 
 State of Vermont, James Condos,
 Secretary of State
 and Barack Obama
 
 
 April Term, 2013
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 Robert
 R. Bent, J.
 
 
  
 
 H. Brooke Paige, Pro Se, Washington, and Mario Apuzzo,
Jamesburg, New Jersey, for 

  Plaintiff-Appellant.

 

William H. Sorrell, Attorney General, and Todd W. Daloz,
Assistant Attorney General,

  Montpelier, for Defendants-Appellees State of
Vermont and James Condos.

 

 

PRESENT:   Reiber, C.J., Dooley, Skoglund and
Burgess, JJ., and Zonay, Supr. J.,

           
         Specially Assigned

 

 

¶ 1.            
BURGESS, J.   Plaintiff H. Brooke Paige appeals a
decision by the Washington Superior Court, Civil Division, granting a motion to
dismiss by the State and its Secretary of State James Condos.[1]  Plaintiff contends the trial court
erred in dismissing the suit on jurisdictional grounds because injury to his
life, liberty, and property confers standing, as do Vermont election statutes,
17 V.S.A. §§ 2603 and 2617.  Plaintiff also asserts that the past
presidential election does not render his case moot because this Court can
still provide declaratory relief.  We disagree, and dismiss the appeal as
moot.  

¶ 2.            
The facts and procedural history are summarized as follows. 
Plaintiff, a Vermont resident and voter, filed a complaint on August 27, 2012,
seeking declarations that Barack Obama is not a “natural born Citizen” as
required for eligibility to be President in Article II, Clause 4, of the
Federal Constitution and was thus unqualified to be on the ballot for the
Office of President, and that Barack Obama’s Petition for Nomination for the
primary election and filings for the general election were “null and void”
because of his ineligibility to hold office.  Plaintiff defined “natural
born Citizen,” according to treatises and other writings preceding and
contemporaneous to the Constitution’s founding, as a person born to two parents
who were citizens of the United States at the time of the person’s birth. 
In addition, plaintiff sought an injunction against the Vermont Secretary of
State to bar the Secretary from including Barack Obama’s name on the election
ballot in Vermont.  

¶ 3.            
On September 25, 2012, defendants filed a motion to dismiss plaintiff’s
complaint pursuant to Vermont Rule of Civil Procedure 12(b)(1) and (6).
 Defendants argued that the court lacked jurisdiction to hear the case
because plaintiff’s injury was “generalized and speculative,” and so did not
establish standing.  Defendants further asserted that the trial
court did not have jurisdiction because the court was the wrong forum in which
to request relief.  On the merits of the case, defendants maintained that
the Secretary of State does not have the authority to determine a presidential
candidate’s eligibility, and argued that the Constitution does not require a
candidate for President to be born of two citizen parents to qualify as a
“natural born citizen.”  

¶ 4.            
Recognizing the passage of the general election, on November 8, 2012,
plaintiff filed a letter with the trial court requesting a pre-trial conference
and expedited hearing.  Plaintiff sought to ensure enough time for the
trial court to thoroughly review all issues and direct the Secretary of State
to carry out his election duties prior to the state’s participation in the
Electoral College.  

¶ 5.            
On November 14, 2012, the court granted defendants’ motion to dismiss,
ruling that plaintiff lacked standing to bring the suit because the claim was
“an impermissible generalized grievance.”  Plaintiff filed a timely notice
of appeal, and subsequently filed a motion in late December 2012 for an
expedited hearing before this Court in advance of the Joint Session of Congress
that would take place on January 6.[2]
 This Court denied the motion.  

¶ 6.            
The central question now before this Court on appeal is whether the
mootness doctrine bars review of plaintiff’s case.  Plaintiff argues this
case is not moot because the Court can provide relief by declaring that Barack
Obama is not a natural-born citizen, and asserts that a controversy continues
through plaintiff’s efforts to safeguard his life, liberty and property. 
Plaintiff also contends that this case satisfies two exceptions to the mootness
doctrine.  First, plaintiff anticipates that a situation involving an
ineligible presidential candidate is capable of repetition yet evades review
because President Obama may run for a third term if Congress repeals the
Twenty-Second Amendment, or other presidential candidates not born of two U.S.
citizens are likely to run for president in the future.  Second, plaintiff
asserts that he suffers negative collateral consequences as a result of Barack
Obama’s presidency that impact his life, liberty, and property. 

¶ 7.            
The case is moot.  Neither exception advocated by plaintiff applies
here.  Accordingly, this Court need not address plaintiff’s other
arguments on standing or the merits.   

¶ 8.            
We review dismissal for lack of subject-matter jurisdiction de novo.
 See Brod v. Agency of Natural Res., 2007 VT 87, ¶ 2, 182 Vt.
234, 936 A.2d 1286 (citing Town of Bridgewater v. Dep’t of Taxes, 173
Vt. 509, 510, 787 A.2d 1234, 1236 (2001) (mem.)).  In order for the Court
to rule on substantive issues, an appeal must involve “either a ‘live’
controversy, or the parties must have a ‘legally cognizable interest in the
outcome’ of the case throughout the entire proceeding.”  In re S.N.,
2007 VT 47, ¶ 5, 181 Vt. 641, 928 A.2d 510 (mem.) (quoting In re P.S.,
167 Vt. 63, 67, 702 A.2d 98, 100 (1997)).  Additionally, “an issue becomes
moot ‘if the reviewing court can no longer grant effective relief.’ ”
 Chase v. State, 2008 VT 107, ¶ 11, 184 Vt. 430, 966 A.2d 139
(quoting In re Moriarty, 156 Vt. 160, 163, 588 A.2d 1063, 1064
(1991)).  “Unless an actual or justiciable controversy is present, a
declaratory judgment is merely an advisory opinion which we lack the
constitutional authority to render.”  Doria v. Univ. of Vt., 156
Vt. 114, 117, 589 A.2d 317, 318 (1991).  

¶ 9.            
Recognized principles of mootness apply to the present case because it
no longer involves a live controversy.  Plaintiff has no legally
cognizable interest in the outcome.  Barack Obama’s name was on the
ballot, and he is now the President of the United States.  President Obama
is also unable to seek re-election.  U.S. Const. amend. XXII.  The
issuance of an advisory opinion assessing the merits of plaintiff’s argument about
the meaning of “natural born Citizen” is beyond this Court’s constitutional
prerogative.  See In re Keystone Dev. Corp., 2009 VT 13, ¶ 7,
186 Vt. 523, 973 A.2d 1179 (mem.) (explaining that this Court lacks authority
to render an advisory opinion).

¶ 10.        
Plaintiff’s assertion that the Court can proceed to the merits because
this case fits within two established exceptions to the mootness doctrine is
unavailing.  First, plaintiff argues that the situation where an
unqualified person runs for the Office of the President “is capable of
repetition, yet evades review.”  State v. Condrick, 144 Vt. 362,
363, 477 A.2d 632, 633 (1984) (citing State v. O’Connell, 136 Vt. 43,
45, 383 A.2d 624, 626 (1978)).  To fall within the mootness exception for
situations capable of repetition yet evading review, plaintiff must satisfy a
two-prong test.  First, “the challenged action must be in its duration too
short to be fully litigated prior to its cessation or expiration.”  Price
v. Town of Fairlee, 2011 VT 48, ¶ 24, 190 Vt. 66, 26 A.3d 26 (citing State
v. Tallman, 148 Vt. 465, 469, 537 A.2d 422, 424 (1987)).  Second,
“there must be a reasonable expectation that the same complaining party will be
subjected to the same action again.”  Id.  

¶ 11.        
Assuming, without deciding, that plaintiff satisfied the first prong of
this exception, plaintiff failed to establish the second prong, i.e., a
reasonable expectation that he will again be subjected to the same action.
 The “reasonable expectation” requirement necessitates “more than just a
theoretical possibility that the same event will happen again in the future.”
 Doria, 156 Vt. at 118, 589 A.2d at 319 (citing In re Green Mountain Power Corp., 148 Vt. 333, 335, 532 A.2d 582, 584
(1987)).  As previously stated, President Obama cannot seek reelection.
 Therefore, plaintiff will not again be subject to the same litigation—the
“same event”—with regards to President Obama.  Plaintiff points to the
fact that there is a bill in the House of Representatives that proposes
repealing the Twenty-Second Amendment to the Constitution, the provision
limiting the number of terms a person may hold the Office of the President.
 Plaintiff also asserts that other politicians such as Senator Marco
Rubio, Senator Ted Cruz, and Governor Bobby Jindal may run for President in
2016 and, like Barack Obama, were not the issue of two citizens.  Assuming
those claims as to parentage are correct, the candidacies complained of are
entirely speculative and are not for this Court’s consideration.  If one
of the above-mentioned politicians should run for President, that situation
would be a new and different event.  See In re P.S., 167 Vt. at 68,
702 A.2d at 101 (holding that capable of repetition but evading review
exception did not apply because any future orders with regards to
non-hospitalization would be considered “new fact patterns”).  The
exception to the mootness doctrine for issues capable of repetition yet evading
review does not apply to the present case.

¶ 12.        
Plaintiff also posits that his case fits within the second exception to
the mootness doctrine because he will suffer negative collateral consequences
of laws and orders that are invalid by virtue of the President’s continued
ineligibility for office.  The so-called negative collateral consequences
exception to the mootness doctrine “is limited to situations where proceeding
to a decision in an otherwise dead case is ‘justified by a sufficient prospect
that the decision will have an impact on the parties.’ ”  In re
Collette, 2008 VT 136, ¶ 16, 185 Vt. 210, 969 A.2d 101 (quoting All
Cycle, Inc. v. Chittenden Solid Waste Dist., 164 Vt. 428, 432, 670 A.2d
800, 803 (1995)).  This exception often applies in mental health cases
where “involuntary commitment results in social stigma,” E.S. v. State,
2005 VT 33, ¶ 7, 178 Vt. 519, 872 A.2d 356 (mem.), and potential “legal
disabilities.”  State v. J.S., 174 Vt. 619, 620, 817 A.2d 53, 56
(2002) (mem.).  

¶ 13.        
Plaintiff fails, however, to identify any negative result specific to
him.  His claim is a generalized grievance, in common with anyone sharing
his interpretation of Article II.  The injury asserted is not analogous to
the social stigma or legal disability capable of invoking the exception because
plaintiff cannot demonstrate how the injury is personal or debilitating. 
Furthermore, a declaration by this Court with regards to plaintiff’s “natural
born Citizen” argument would have no impact on the qualification-related laws
and orders to which plaintiff refers, since a ruling by this Court would bind
no other state or federal presidential election authority.  Whatever the
merit of his argument, plaintiff’s cure in the form of declaratory relief is
futile and so beyond this Court’s constitutional jurisdiction.  Absent a
direct link between the challenged laws and orders and the purportedly negative
collateral consequences suffered by plaintiff, the collateral consequence
exception to mootness is inapplicable.  Accordingly, the appeal must be
dismissed as moot.

Appeal dismissed
as moot.

 


  
 
 
  
 
 
 FOR THE COURT:
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 Associate
 Justice
 
  











[1] 
As used in this opinion, defendants refers to the State of Vermont and
Secretary of State James Condos.  Plaintiff named the State of Vermont,
Secretary of State James Condos, and then-presidential-candidate Barack Obama
as defendants.  On appeal, plaintiff and defendants presented arguments on
the issue of service of process on President Obama, and whether or not
President Obama was a necessary party to the suit.  Because this Court
decides the case on jurisdictional grounds, these issues need not be
resolved.  





[2]
 In plaintiff’s “Motion for an Order Requiring Appellees to Immediately
Respon[d] and for an Expedited Hearing, Review and Final Determination,”
plaintiff stated that the Joint Session would take place January 6, 2012. 
The Court proceeds under the assumption that plaintiff intended the date of
January 6, 2013.