# STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 108-10-18 Vtec

| Hopkins Certificate of Compliance |
|---|

## ENTRY REGARDING MOTIONS

Title:        Motion for Summary Judgment (Motion 4)

Filer:        Bernard J. Boudreau

Attorney:     Self-represented

Filed Date:   March 29, 2019

Response in Opposition filed on 04/28/2019 by Attorney Cristina L. Mansfield for Appellee Edward H. Hopkins

Reply filed on 05/08/2019 by Bernard J. Boudreau, Appellant


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Title:        Cross-Motion for Summary Judgment  (Motion 5)

Filer:        Edward H. Hopkins

Attorney:     Cristina L. Mansfield

Filed Date:   April 28, 2019

Response in Opposition filed on 05/08/2019 by Bernard J. Boudreau, Appellant

**The motions are MOOT.  The matter is DISMISSED.**

In April 2017, Edward Hopkins requested and received a permit from the Town of Manchester Department of Planning and Zoning allowing him to change the use of his property at 47 School Street in Manchester Center, Vermont, from a residence to a professional office. Bernard Boudreau, an adjoining property owner, participated in the permit review process.  Mr. Boudreau's participation primarily revolved around the evergreen plantings Mr. Hopkins proposed for screening along their shared property line.  Presently before the Court are the parties' cross-motions for summary judgment, which relate to the adequacy of the arborvitae screening planted by Mr. Hopkins relative to the terms of the permit and the Town of Manchester Zoning Ordinance (Ordinance).

While this Court evaluates cross-motions for summary judgment under the standards inherent to V.R.C.P. 56, we are always under the "independent obligation to determine whether subject-matter jurisdiction exists." In re Verizon Wireless Barton Permit, No. 133-6-08 Vtec, slip op. at 8 (Vt. Envtl. Ct. May 20, 2009) (Durkin, J.) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)). Thus, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." V.R.C.P. 12(h)(3).

With this in mind, we begin with the procedural history relevant to this appeal, which has important implications for our jurisdiction over its subject matter.

Mr. Hopkins received his change of use permit on July 17, 2017. The permit, as well as the Town of Manchester Development Review Board's (DRB) decision approving the application, went unappealed.

On January 30, 2018, the Zoning Administrator granted Mr. Hopkins a first Temporary Certificate of Compliance (First Temporary Certificate) for his property, which allowed Mr. Hopkins to use the building as a professional office while he continued to work to complete the exterior improvements required by the permit. The First Temporary Certificate denoted an expiration date of July 31, 2018, before which date Mr. Hopkins needed to obtain a final certificate of compliance.

On August 3, 2018, just after the expiration of the First Temporary Certificate, the Zoning Administrator issued Mr. Hopkins a second Temporary Certificate of Compliance (Second Temporary Certificate)—the decision that originated the present appeal. The Second Temporary Certificate sets an expiration date of July 31, 2019.

Mr. Boudreau filed his notice of appeal to the DRB on August 15, 2018. In a September 20, 2018 decision, the DRB determined that the Zoning Administrator improperly granted the Second Temporary Certificate because it functioned as an impermissible extension of the First Temporary Certificate and, further, the requirements for a temporary certificate were not met. Having reached this conclusion, the DRB stated that "the Landowner must either come into full compliance with the Permit and approved Site Plan immediately[,] taking into consideration the following determinations, or cease use and occupancy of the Property until a Certificate of Occupancy has issued." The DRB then went on to assess the property's compliance with the permit and accompanying site plan. It determined that the arborvitae screening complied but other requirements—outdoor lighting, installation of a fence, and removal of a trailer—remained outstanding. The DRB then ordered compliance or disuse within 30 days.

Mr. Boudreau appealed that decision to this Court on October 15, 2018. On October 24, 2018, while the present appeal was pending, the Zoning Administrator granted Mr. Hopkins a final certificate of compliance (Final Certificate). The Final Certificate was not appealed.

Turning to the present cross-motions, Mr. Boudreau claims that the arborvitae screening does not comply with the permit as interpreted with a view to the Ordinance, the municipal decisions leading to the permit's approval, and representations made at the municipal hearings. Mr. Boudreau goes on to request summary judgment on the question of whether he is entitled to a writ of mandamus compelling the Town of Manchester (Town) to require Mr. Hopkins to install arborvitae screening conforming to the specifications Mr. Boudreau asserts. He also

argues that the Court should declare the Final Certificate void as incorrect because the arborvitae screening is not in compliance.

Mr. Hopkins cross-moves, asserting that the arborvitae screening complies, there is no violation of the Ordinance or any other relevant authority, and Mr. Boudreau is not entitled to mandamus.

Though the parties did not brief the issue, our review of the record and the procedural history of this case gives rise to a threshold jurisdictional question of mootness that must be addressed.[1]

For this Court to have jurisdiction, an appeal must involve an actual or "live" controversy between adverse litigants with a legally cognizable interest in the outcome of the case.  Paige v. State, 2013 VT 105, ¶ 8, 195 Vt. 302; see also Chase v. State, 2008 VT 107, ¶ 11, 184 Vt. 430.  A case becomes moot, and this Court loses jurisdiction, when there is no longer an actual controversy or any legally cognizable interest in the disposition.  Id., ¶ 7 (citing In re S.H., 141 Vt. 278, 280 (1982)).

We must dismiss issues or whole appeals for mootness because the Court is unable to grant effective relief.  Paige, 2013 VT 105, ¶ 8 (quotation omitted).  Any opinion we might issue would be only advisory and therefore unconstitutional.  See Paige v. State, 2017 VT 54, ¶ 6, 205 Vt. 287 (citing Doria v. Univ. of Vt., 156 Vt. 114, 117 (1991)).  Significantly, even if an issue or claim was not moot when the appeal began, intervening events that occur after the appeal is launched can render the proceedings moot.  See In re Collette, 2008 VT 136, ¶ 4, 185 Vt. 210; State v. Rooney, 2008 VT 102, ¶¶ 8-10, 184 Vt. 620; In re Moriarty, 156 Vt. 160, 163 (1991).

The parties both acknowledge the existence of the Final Certificate issued by the Zoning Administrator after the initiation of this appeal, but do not discuss its implications in the pending matter.  No party appealed the Final Certificate.  While Mr. Boudreau challenges the validity of the Final Certificate in this docket through his Statement of Questions and motion, alleging that it is void because it improperly certifies the compliance of the arborvitae screening, the Final Certificate is not the subject of this appeal.  Our consideration is limited to the Zoning Administrator's decision to issue the Second Temporary Certificate.[2]

---

[1]  Mr. Hopkins poses a challenge to Mr. Boudreau's standing in his cross-motion, which is a separate jurisdictional question.  This Court has observed that "there is no mandatory sequencing of jurisdictional issues."  In re Petition of the Intervale Ctr., Inc., & Half Pint Farm, No. 89-5-08 Vtec, slip op. at 4-5 (Vt. Envtl. Ct. Feb. 24, 2009) (Durkin, J.) (internal quotation marks omitted) (quoting Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007)).  Thus, we begin with the mootness issue.

[2]  While a single jurisdictional disqualification requires dismissal, and, as stated in footnote 1, there is no sequencing for jurisdictional issues, we here note an additional jurisdictional flaw with the present appeal.

Contrary to the premise of Mr. Boudreau's appeal, the Zoning Administrator's decision to issue the Second Temporary Certificate was not synonymous with a conclusion that the property complied and no enforcement was needed.  Instead, by definition, issuance of a temporary certificate meant that the Zoning Administrator did not consider the property in compliance or take a stance on enforcement, but wanted to provide Mr. Hopkins with more time to comply while enabling use.  Mr. Boudreau's appeal is focused on the compliance certified by the Final Certificate.

Appeal is the exclusive statutory remedy for parties aggrieved by local zoning decisions. 24 V.S.A. § 4472(a). Unappealed zoning decisions cannot be collaterally attacked, either directly or indirectly, in any other proceeding, including proceedings to enforce a permit or zoning ordinance under Chapter 117 of Title 24. See 24 V.S.A. § 4472(d). This Court must "strictly enforce" the exclusivity of remedy rule. See In re Smith, 2006 VT 33, ¶¶ 5-6, 179 Vt. 636. These principles of finality apply even where it is alleged that the unappealed decision was ultra vires, otherwise erroneous, or even void ab initio. See City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 589 (2000); Phillips Constr. Servs., Inc. v. Town of Ferrisburg, 154 Vt. 483, 485 (1990). Thus, pursuant to 24 V.S.A. § 4472, we conclude that the Final Certificate became final, binding, and impervious to collateral attack when it was not appealed.

While we cannot subject the conclusions of the unappealed Final Certificate to a collateral challenge, we must consider its consequences for the present matter. Despite Mr. Boudreau's allegation that the Final Certificate is void because it was incorrect, we can only consider what the Final Certificate conclusively resolved and, by extension, the issues we are precluded from reaching in this decision.

As is apparent from the title of the Final Certificate of Compliance, its content, and the parties' concessions, the Final Certificate concluded that Mr. Hopkins' property meets the requirements of the original change of use permit which is the origin of this land use dispute.

Mr. Boudreau's appeal—as evinced in his motion for summary judgment and Statement of Questions—focuses solely on the issue of the compliance of the arborvitae screening. The parties and this Court, however, are bound by the Final Certificate's unappealed conclusion that the property, including the arbovitae, is in compliance with the permit terms and Ordinance. We could not determine otherwise; Mr. Boudreau's attempt to collaterally attack the conclusions of the Final Certificate are barred by 24 V.S.A. § 4472(d). Because we could not grant Mr. Boudreau the relief he requests, we are without jurisdiction, and legal issues presented in the present appeal must be considered **MOOT**.[3]

---

Because the DRB treated the Zoning Administrator's issuance of the Second Temporary Certificate as a decision not to proceed with enforcement, the DRB itself evaluated compliance and set out enforcement directives. Municipal panels, however, cannot initiate enforcement proceedings in the first instance. See In re Sweet Bldg. Permit, No. 19-2-12 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Jan. 25, 2013) (Walsh, J.) (dismissing enforcement-related questions because the appellant did not first raise the issues with the zoning administrator). That power lies with the municipality's administrative officer—here, the Zoning Administrator. See id.; Riverview Mews, LLC v. Richard Elec., Inc., No. 251-11-07 Vtec, slip op. at 2-3 (Vt. Envtl. Ct. Apr. 7, 2008) (Wright, J.); 24 V.S.A. §§ 4451, 4452, 4460(e). We addressed this issue as recently as May of this year in Perham Right of Way Determination and dismissed the action in its entirety. No. 72-7-18 Vtec (Vt. Super. Ct. Envtl. Div. May 8, 2019) (Durkin, J.).

[3] Mr. Boudreau also moves for summary judgment on the question of whether he is entitled to a writ of mandamus compelling the Town to require Mr. Hopkins to install arborvitae screening according to the terms of the permit as Mr. Boudreau interprets them.

Moving for summary judgment on whether mandamus is appropriate is not the equivalent of filing for mandamus. Given this framing, Mr. Boudreau asks us to provide an advisory opinion on the question of whether a writ of mandamus *would be* meritorious. We cannot discuss the viability of motions that are not before us. See, e.g., In re Investigation into Programmatic Adjustments to Standard-Offer Program, 2018 VT 52, ¶ 17 (recognizing the bar against advisory opinions on prospective disputes). Further, Mr. Boudreau asks us to appraise a motion

Having reached this conclusion, we must **DISMISS** this appeal for lack of jurisdiction. Further, our ultimate conclusion in this matter **MOOTS** Mr. Hopkins' March 18, 2019 motion for clarification and Mr. Boudreau's March 29, 2019 motion for a site visit by the Court concerning his motion for summary judgment.

This concludes the current proceedings before the Court.  A Judgment Order accompanies this Entry Order.

**So Ordered.**

Electronically signed on June 20, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Appellant Bernard J. Boudreau
Merrill E. Bent (ERN 5013), Attorney for Interested Person Town of Manchester
Cristina L. Mansfield (ERN 7113), Attorney for Appellee Edward H. Hopkins

---

under V.R.C.P. 75.  The Rule contains specific procedural steps for initiating and noticing such an action that Mr. Boudreau has not carried out in the present proceedings.  See V.R.C.P. 75(b).