VERMONT SUPERIOR COURT
Orange Unit
5 Court Street
Chelsea VT 05038
802-685-4610
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 24-CV-04754



| H. Paige v. Sarah Copeland-Hanzas et al |
| --- |

## ENTRY REGARDING MOTION

Title:      Motion to Dismiss  (Motion: 2)
Filer:      Sara-Ellen M. A. Moran
Filed Date: January 15, 2025

The motion is GRANTED.

The present action concerns a decision made by the Vermont Secretary of State's Office concerning a local election in the Town of Washington for the Justice of the Peace.  Plaintiff H. Brooke Paige, who was a candidate for this office and who was duly elected to the office has filed the present complaint seeking relief from the Secretary's decision.  Since there is neither standing nor a live controversy, the Secretary's Motion to Dismiss is **Granted.**  Plaintiff Paige's claims under 17 V.S.A. § 2603 and the substance of his original complaint are **Dismissed** pursuant to V.R.C.P. 12(b)(1) and (6).  Further, Plaintiff's late-noticed request to appeal his November 4, 2024 complaint filed with the Vermont Secretary of State under 17 V.S.A. § 2458 is **Denied,** and the matter is **Remanded** to the Secretary of State for Plaintiff to exhaust his administrative remedies.

*Background Facts*

Based on the Plaintiff's Complaint, the Court takes the following facts for purposes of the present motion to dismiss.  *Richards v. Town of Norwich*, 169 Vt. 44, 48–49 (1999).[1]

---

[1] While a court must look to the well-pled facts of the complaint, it is not required to accept as true "conclusory allegations or legal conclusions masquerading as factual conclusions."  *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 10.  The Court may also take judicial notice of statutes, regulations, and matters of public record.  *Kaplan v. Morgan Stanley & Co.*, 2009 VT 78, ¶ 10 n.4 (mem.).

On August 8, 2024, the Town of Washington's Republican Committee caucused and nominated a slate of candidates for the office of Justice of the Peace pursuant to 17 V.S.A. § 2413.[2] Plaintiff was both chair of the Committee and one of the nominees on this list. Although the list was generated by the Town's Republican Committee, Plaintiff claims that it intentionally did not state party affiliation and effectively re-nominated all seven of the then-current justices of the peace on what Plaintiff characterizes as a bipartisan slate. The Committee transmitted this list to the Town Clerk who, in turn, submitted it to the Secretary of State's Office through an on-line election portal. As part of this submission, the Town Clerk designated all of the candidates as being "Dem/Rep" affiliation. On August 23, 2024, the Secretary of State's Office contacted Plaintiff shortly after the submission asking him to confirm the submission, which listed the seven candidates and their "Dem/Rep" affiliation, and to review for any errors. Plaintiff confirmed the list of nominees, asked to have his address and phone number corrected, and made no other corrections to the list or to their party affiliation.

On August 30th, Plaintiff, in response to feedback from other nominees, contacted the Secretary of State's Office and requested to have the "Dem/Rep" affiliation removed from all of the nominees on the list. Plaintiff claims that he received no immediate reply, but on September 13, 2024, the Secretary of State's Office notified him that after further review the nomination form had been deemed invalid by the Secretary.[3] Since it was too late for either a new Committee nomination to be submitted or for the filing of independent nomination, the Office stated that it would not be placing any justice of the peace candidates on the November ballots prepared by the Secretary's Office for the Town of Washington.

---

[2] As established by the Vermont Constitution, each town, depending on its population, elects between 5 and 15 justices of the peace. Vt. Const.CH. II, § 52. While justices of the peace serve multiple roles, they primarily serve as election officers through their role as members of the Town's Board of Civil Authority. 17 V.S.A. § 2451; 24 V.S.A. § 801.

[3] The letter, submitted as part of Plaintiff's complaint, indicated, that the Secretary of State's Office had found that the mixture of nominees across parties (including Democrats, Republicans, and Independents) did not comply with either 17 V.S.A. § 2413 (party nominations) or 17 V.S.A. § 2402 (independent nominations). The Office found that these designations needed to indicate both the nominees' political affiliation and the party who submitted the nomination, if different. 17 V.S.A. § 2472. Given the back-and-forth confusion, the Secretary of State's Office further concluded that it did not have the nominees' consent as required under 17 V.S.A. § 2385(e). The Office also found that there was an issue with the nomination form as it was notarized by one of the nominees. In response, Plaintiff argued that the Office did not have the authority to strike the nominations as control of the election was a local issue and was subject to the Town Clerk and the local BCA's authority under Section 47 of Chapter II of the Vermont Constitution and 17 V.S.A. § 2451. Plaintiff also objection to the Office's analysis and requirement of registering their political preference.

Following this decision, the Ballots for the Town of Washington for the November 2024 election issued and did not contain any of the seven nominees for the office of Justice of the Peace. Instead, seven write-in spots were left for this office. Following a write-in campaign, Plaintiff and all of the other six incumbent Justices of the Peace were successfully re-elected to office.

On November 18, 2024, Plaintiff filed the present complaint and seeks a finding that the Secretary of State acted in violation of Title 17, an order that the Secretary and her office refrain from such activities in the future, an order requiring the secretary to issue a public statement detailing her errors and pledging to refrain from them in the future, and an award of $750 to Plaintiff.

*Legal Standard*

To determine whether a complaint survives a motion to dismiss, the Court assumes the factual allegations in the complaint are true. *Colby*, 2008 VT 20, at ¶ 5. The Court will only grant the motion if there are no facts or circumstances that would grant plaintiff relief. Id. This is because the purpose of a motion to dismiss for failure to state a claim is "to test the law of the claim, not the facts which support it." *Brigham v. State of Vermont*, 2005 VT 105, ¶ 11 (quoting *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002)). Courts rarely grant motions to dismiss for failure to state a claim. *Colby*, 2008 VT 20, at ¶ 5; see also *Kaplan v. Morgan Stanley & Co., Inc.*, 2009 VT 78, ¶ 7. Courts generally disfavor these motions. *Bock v. Gold*, 2008 VT 81, ¶ 4 ("Motions to dismiss for failure to state a claim are disfavored and should be rarely granted."). For these reasons, a party seeking dismissal has a high burden to show that they are entitled to such an initial ruling. *Bock*, 2008 VT 81 at ¶ 4.

*Legal Analysis*

As a threshold matter, the first question raised by Plaintiff's complaint is mootness. The jurisdiction of Vermont courts is limited "to the determination of actual, live controversies between adverse litigants." *Wool v. Office of Professional Regulation*, 2020 VT 44, ¶ 6. "Otherwise, any opinion issued by this Court would merely be advisory, and would not be within our constitutional authority to render." *Paige v. State*, 2017 VT 54, ¶ 6. A case becomes moot and jurisdiction expires when the court can no longer grant effective relief related to the nature of the plaintiff's injury in fact. Id. (citing to *Paige v. State*, 2013 VT 105, ¶¶ 8–9).

In this case, the source of Plaintiff's injury in fact, his non-placement on the 2024 ballot as a candidate for justice of the peace for the Town of Washington, arises from his allegation that the Secretary of State and her Office improperly refused to accept his nomination as a candidate. Before this complaint was filed, however, Plaintiff won his election, and he currently holds this office. [4] Therefore, there is no live controversy under 17 V.S.A. § 2603 or relief that the Court can award to Plaintiff as he has the office that he sought and with which he contends the Secretary and her Office, interfered. *Paige*, 2013 VT 105, at ¶ 8.

The Court further finds that the factual circumstances alleged by Plaintiff do not meet the exception for mootness. Id. at ¶¶ 10–11. To overcome mootness, a plaintiff must show "a reasonable expectation that the same complaining party will be subject to the same action again." Id. (quoting *Price v. Town of Fairlee*, 2011 VT 48, ¶ 24). "Reasonable expectations" require "more than just a theoretical possibility that the same event will happen in the future." Id. (quoting *Doria v. Univ. of Vt.*, 156 V. 114, 118 (1991)). In this case to re-create the controversy, Plaintiff would have to continue as a candidate for Justice of the Peace in 2026; the Town of Washington Republican Committee would have to vote a similar slate of candidates in the precise same manner; the Town Clerk would have to enter the names into the State election system with the same issue; and the same notarization issue would have to be repeated. While some of these events are under Plaintiff's general control (deciding to run for re-election), several of them are not, and there is nothing in the next two years that prevents Plaintiff or other town officers from clarifying the rules surrounding how to properly file a political party's nomination. For these reasons, the Court finds Plaintiff's complaint to be moot. Therefore, dismissal is appropriate under V.R.C.P. 12(b)(1).

While the Court's analysis could end here, it will, for the purpose of clarity, extend the analysis to Plaintiff's request for relief under 17 V.S.A. § 2603. This statute provides that any legal voter can contest an election for (1) errors committed in the conduct of the election or in the count

---

[4] Plaintiff suggests in his reply that his win was so marginal as to indicate that the Secretary's actions had sullied his win. Plaintiff provides no support for this sore winner contention that a cause of action can arise if a candidate wins but not by enough to satisfy them. Under Section 2603(b), a plaintiff must demonstrate in his or her pleadings that the actions of defendants changed the ultimate result. In this case, Plaintiff can point to the lower margin of victory in 2024 as opposed to prior elections, but he cannot demonstrate a change in the ultimate result, which was his re-election as a Justice of the Peace. Mere sullying of one's victory is not enough to overcome mootness. In this respect, Section 2603 abides by the limitation that a party seeking to challenge the finality of an election contest must first demonstrate that the issue altered or undermined the outcome to such an extent that the Court must supplant the process with a judicially crafted remedy.

or return of votes; (2) fraud in the process; or (3) any other reason that invalidates the election. 17 V.S.A. § 2603(b). In each case, the allegations must rise not merely to bad behavior or violations, but they must also have changed the ultimate result. As discussed in footnote 4, *supra*, there was no change in the outcome of the vote. Plaintiff admits that he does not seek to invalidate the 2024 vote for the Town of Washington's Justices of the Peace. He also does not allege that the errors resulted in an outcome that should be changed. Instead, Plaintiff wants a ruling that effectively says, the Secretary of State did something incorrect. He also wants an apology. Neither of these are remedies offered by 17 V.S.A. § 2603(e), which authorizes a decision of the Court to supersede the certificate of election and permits the Court to invalidate an election, order a recount, order a new election, or grant similar relief when the issues have altered or undermined the election. The language of Section 2603, as its title indicates, is focused on contesting an election outcome. It is not a vehicle for relief that seeks to reform or alter how a party or governmental official acted when those actions did not alter or threaten to alter the outcome. For these reasons, Plaintiff fails to make out a claim under 17 V.S.A. § 2603, and dismissal is appropriate under V.R.C.P. 12(b)(6).

In his April 14, 2025 reply to the Secretary's Motion to Dismiss, Plaintiff, for the first time, raises the fact that on November 4, 2024 he filed a complaint with the Secretary of State regarding her office's actions to invalidate his nomination under 17 V.S.A. § 2458. He states that he has not received a response to this complaint and that the time for the Secretary to review it has passed. Plaintiff's November 4th complaint was filed pursuant to Section 2458, which allows

> [A]ny person who believes that a violation of this title or any other provision of 52 U.S.C. chapter 209, subchapter III (Uniform and Nondiscriminatory Election Technology and Administration Requirements) has occurred, is occurring, or is about to occur in the course of any election in which a candidate for federal office appears on the ballot.

17 V.S.A. § 2458(a).

As a preliminary matter, Plaintiff's introduction of this claim at the eleventh hour of this briefing process is improper as it goes beyond his complaint. The proper process to add new claims in response to a motion to dismiss is to file a motion to amend under Rule 15 and to demonstrate the basis for such a motion. Plaintiff, while self-represented, is no stranger to the courts and to court process. While the Court will give self-represented parties some leeway when it comes to the rules of civil procedure, it does not suspend such rules, and self-represented litigants remain bound to abide by these standards. *Zorn v. Smith*, 2011 VT 10, ¶ 22.

Normally, the Court would give a party in Plaintiff's position time to file a motion to amend under Rule 15 and provide the Court with a basis to review the amendment under Rule 15's generous standards. *Colby*, 2008 VT 20, at ¶ 4. In this case, there is a complicating factor. Plaintiff's claim under Section 2458 is effectively a Rule 74 appeal from an administrative process because the statute gives Plaintiff the right to an appeal. 17 V.S.A. § 2458(d); see, e.g., *Friends of Pine Street v. City of Burlington*, 2020 VT 43, ¶ 16 (noting that Rule 74 governs appeals from administrative agencies where the right of appeal is granted by statute). There is, however, no decision to appeal since the Secretary's Office has not responded to Plaintiff's November 4th complaint.

While the Court could view this as a failure of the Secretary to act, there are two countervailing considerations that persuade the Court such action would be improper. First, there are the circumstances of the November 4th complaint in the context of the current litigation. Plaintiff filed the present action concerning the exact same actions that were the subject of his November 4th complaint less than two weeks after filing that complaint. It is not unreasonable to infer that the Secretary's delay in responding to Plaintiff is related, in part, to the fact that her office was put in the position of responding to the same issues in the course of this litigation. It also created ambiguity. Was Plaintiff abandoning his Section 2458 complaint in favor of his Section 2603 litigation? Plaintiff's original complaint makes no reference to the Section 2458 complaint, even in passing, and there is nothing before the Court to indicate that Plaintiff had followed up on his Section 2458 complaint prior to his April 14, 2025 reply. Given this confusion, there is compelling reasons to remand this Section 2458 complaint to the Secretary and allow the informal and formal processes adopted by her office to go forward to review and address the complaint.

In light of these facts, the Court also finds that Plaintiff has not exhausted his administrative remedies. The language of Section 2458(c) calls for the Secretary to apply an informal or formal process to review and address complaints filed under this section. Plaintiff effectively short-circuited this process by filing a nearly identical complaint with this Court prior to any action by the Secretary to review or conduct her process under Section 2458. Nothing in either Section 2458 or the Secretary's rules governing such procedures prevent the Secretary from hearing this complaint or rendering a determination at this juncture. By its plain language, Section 2458 complaints may be filed before, during, or after an election. 17 V.S.A. § 2458(a). Plaintiff may assert these concerns despite the completion of the election and seek clarity on these issues from the Secretary. Given that these administrative processes and remedies may cure or narrow the issues, the Court is

persuaded that the most prudent course of action is to remand the matter to the Secretary to consider it. *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511 (1997) (noting that a "party's failure to exhaust administrative remedies permits a court to dismiss the action for lack of subject matter jurisdiction"). As such, the Court finds that it has no present subject matter jurisdiction over Plaintiff's Section 2458 complaint as he has not exhausted his administrative remedies. The matter is remanded to the Secretary to address in conformance with her rules and procedures.[5]

## ORDER

Based on the foregoing, the Defendants' Motion to Dismiss is **Granted.** Plaintiff's complaint and action is **Dismissed** pursuant to V.R.C.P. 12(b)(1) and (6). The Court denies Plaintiff's request to consider his Section 2458 complaint at this time and **Remands** the complaint to the Secretary to address in accordance with her procedures and process for addressing Section 2458 complaints. This Entry shall constitute a final order in this matter. V.R.C.P. 58. Parties shall bear their own costs.

Electronically signed on 5/20/2025 12:57 PM pursuant to V.R.E.F. 9(d)

Vermont Superior Court
Filed 05/20/25
Orange Unit

Daniel Richardson
Superior Court Judge

---

[5] This remand effectively re-starts the clock on any timelines that the Secretary has, and it should be treated as a newly filed complaint in this respect.